NEIL (McKINNEY v.). See Case No. 8,865.

NEIL (PECK v.). See Cases Nos. 10,892 and 10,893.

---

## Cas No. 10,089.

### In re NEILL.

[8 Blatchf. 156; 13 Int. Rev. Rec. 29; 5 Am. Law Rev. 566; 4 Am. Law Rep. U. S. Cts. 153.] 2

District Court, S. D. New York. Jan. 27, 1871.

ARMY AND NAVY—POWER TO DISCHARGE—ACTS OF FEBRUARY 24 AND JULY 4, 1864—SECRETARY OF WAR—STATE COURTS—HABEAS CORPUS—RETURN.

1. Under section 20 of the act of February 24, 1864 (13 Stat. 10), and section 5 of the act of July 4, 1864 (13 Stat. 380), the power of discharging from service in the army of the United States minors under the age of eighteen years, is taken away from the courts and is confided wholly to the secretary of war; and the whole power of discharge is thereby given to the secretary of war in regard to minors, whatever their ages when they enlisted or when they apply for discharge.

2. A state court, judge or officer is without jurisdiction to release a soldier, on habeas corpus, when is appears, prima facie, that he is held to service in the army by an officer acting under the authority of the United States and claiming to hold him as an enlisted soldier.

[Cited in McConologue's Case, 107 Mass. 159.]

3. In return to such writ, such officer is not bound to produce the body of the soldier.

---

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 5 Am. Law Rev. 566, contains only a partial report.]

4. Under the statute of New York (2 Rev. St. 566, § 32), a return to a writ of habeas corpus issued by a state judge, need not be verified by oath, when such return is made by an officer of the army of the United States.

5. Where such officer, for not producing the body of the soldier, and for not making a sworn return to the writ, was imprisoned for contempt, by the state court, this court, on a writ of habeas corpus, discharged him from imprisonment. Such power of discharge exists under section 7 of the act of March 2, 1833 (4 Stat. 634), and section 1 of the act of February 5, 1867 (14 Stat. 385).

[Cited in U. S. ex rel. Bull v. McClay, Case No. 15,660; Re Bull, Id. 2.119; State v. Bolton, 11 Fed. 218; Re Neagle, 39 Fed. 851; Cunningham v. Neagle, 135 U. S. 74, 10 Sup. Ct. 672.]

[In the matter of Thomas H. Neill.]

Noah Davis, Dist. Att'y, and Asa B. Gardner, for the United States and the relator.

Aaron J. Vanderpoel, for the state sheriff.

BLATCHFORD, District Judge. On the 4th of January, 1871, a petition was presented to the Honorable John H. McCunn, a judge of the superior court of the city of New York, by one John Casey. The petition set forth, that the said Casey "is at present restrained of his liberty at Fort Columbus, a military depot, in the port of New York; that said John Casey is a minor and under the age of twenty-one years;" and that "the cause or pretence of such imprisonment and restraint, according to the best knowledge and belief of your petitioner, is, that said John Casey, while such minor as aforesaid, enlisted in the United States army, at the city of New York, on or about the 23d day of December, 1870, without the knowledge or consent of his parents, who are both living." The petition prayed, that a writ of habeas corpus might issue, directed "to the officer in command of said Fort Columbus, in said port of New York, commanding him to produce the body of said John Casey." The judge to whom the petition was presented, acting as an officer authorized to perform the duties of a justice of the supreme court at chambers (2 Rev. St. 564, § 23, subdiv. 2), granted a writ of habeas corpus, on the 4th of January, 1871, directed to "the officer in command of Fort Columbus, a military depot in the port of New York, General Neill," commanding him to produce the body of John Casey, together with the time and cause of his imprisonment and detention, before the said judge, in the said superior court, on the 9th of January, 1871. The writ was issued and duly served.

The time for making return to the writ was extended by the attorney for Casey until the 11th of January, 1871. On that day, General Neill made to the judge who issued the writ a written return, signed by him, but not verified by his oath, in the following words: "Head-Quarters, Principal Depot General Recruiting Service, Fort Columbus, New York Harbor, January 11th, 1871. To the Honorable John H. McCunn, Judge of the Superior Court of the City of New York: Sir. I have the honor to make return to the within writ of habeas corpus, issued in the case of John Casey, a private soldier in the service of the United States, that the said John Casey is a regular enlisted soldier, and held to service in the army of the United States, by virtue of said enlistment; that the said John Casey was regularly enlisted into the service of the United States, according to the laws governing the recruiting service for enlisting recruits, by his signing the proper statement or declaration required for recruits to take, and that the paper here annexed, marked 'A,' is one of the duplicate enlistment papers in the case of the said John Casey; that the oath was regularly administered by an officer authorized to administer oaths, and that the recruit was regularly examined by the surgeon appointed for that purpose; that, under the decisions of the judge advocate general of the army, it is not my duty to produce the body of said John Casey in court; that such declination and denial of the jurisdiction of your honor is a matter of official duty, and not from any disrespect or contempt of your honorable court. Your attention is respectfully invited to the enclosed extract from the Digest of Opinions of the Judge Advocate General of the Army, (published by authority,) and points of law, which constitute the precedents on which this return is based. I am, sir, very respectfully, your obedient servant. Thos. H. Neill, Lt.-Col. 6th U. S. Cavalry, and Bvt.-Brigadier General U. S. A., Commanding Depot."

Annexed to the return were what purported to be copies of the enlistment papers referred to in the return. Among them was an oath of enlistment and allegiance, signed by Casey, and subscribed and sworn to by him, December 23d, 1870, before "F. E. Camp, Captain U. S. Army, Recruiting Officer." This oath was in the following words: "State of New York, Town of New York, ss: I, John Casey, born in Brooklyn, in the state of New York, and by occupation a plumber, do hereby acknowledge to have voluntarily enlisted, this twenty-third day of December, 1870, as a soldier in the army of the United States of America, for the period of five years, unless sooner discharged by proper authority, and do also agree to accept from the United States such bounty, pay, rations and clothing as are or may be established by law. And I do solemnly swear, that I am twenty-one years and eleven months of age, and know of no impedient to my serving honestly and faithfully as a soldier for five years, under this enlistment contract with the United States. And I, John Casey, do also solemnly swear, that I will bear true faith and allegiance to the United States of America, and that I will serve them honestly and faithfully against all their enemies or opposers whomsoever, and that I will observe and obey the orders of the president of the United States, and the orders of the offi-

cers appointed over me according to the rules and articles of war." Another of the enlistment papers was a certificate signed by Captain Camp, certifying, on honor, that he had carefully examined Casey, agreeably to the general regulations of the army, and that, in his opinion, he was free from all bodily defects and mental infirmity which would in any way disqualify him from performing the duties of a soldier. Another of the enlistment papers was a certificate signed by Captain Camp, certifying, on honor, that he had minutely inspected Casey previously to his enlistment, that he was entirely sober when enlisted, that, to the best of his, Camp's, judgment and belief, Casey was of lawful age, and that he, Camp, had accepted and enlisted him into the service of the United States, under such contract of enlistment, as duly qualified to perform the duties of an able-bodied soldier, and, in doing so, had strictly observed the regulations governing the recruiting service. He also certified a description of Casey's person. Another of the enlistment papers was a declaration, signed by Casey, in the presence of a subscribing witness, and dated December 23d, 1870, in the words following: "I, John Casey, desiring to enlist in the army of the United States, for the term of five years, do declare, that I have neither wife nor child, that I have never been discharged from the United States service on account of disability, or by sentence of a court martial, or by order before the expiration of the term of enlistment, and that I am of the legal age to enlist of my own accord, and believe myself to be physically qualified to perform the duties of an able-bodied soldier." Another of the enlistment papers was a paper containing the details of the examination of Casey as to his physical condition. The extract and points of law referred to in the return were annexed thereto in print. The body of Casey was not produced with the return.

On the 12th of January, 1871, Judge McCunn issued, under his hand and seal, a warrant, in the name of the people of the state of New York, directed to the sheriff of the city and county of New York, and in the words following: "It appearing satisfactorily to me, on oath, that Thomas H. Neill, the officer in command at Fort Columbus, in the port of New York, to whom a writ of habeas corpus was directed and delivered, commanding him to bring before me John Casey, in the said writ named, has refused to obey the said writ, according to the command thereof, in not producing the said John Casey before me, and also by not making a full and explicit return to said writ, within the time limited by law, and no sufficient excuse having been shown for such refusal, these are, therefore, to authorize and command you, in the name of the people of the state of New York, forthwith to arrest the said Thomas H. Neill, and to bring him immediately before me, at part one of the superior court of the city of New York, in the said county of New York." Under such warrant, the said sheriff, on the 17th of January, 1871, arrested General Neill, and took him into custody.

At this stage of the proceedings, a petition was presented to me by General Neill, praying that a writ of habeas corpus might be issued to the said sheriff, to inquire into the cause of his imprisonment. A copy of the warrant of attachment was annexed to the petition, and the petition set forth the causes of the issuing of the warrant, in substance, as they are above stated, namely, the issuing of such writ of habeas corpus by Judge McCunn, and the making of such return to it. The petition averred, that the ground for the issuing of the attachment was, that General Neill had not produced Casey before Judge McCunn, on the writ of habeas corpus. The petition also stated, that General Neill had submitted to the service of the process of attachment by the sheriff, at his post of Fort Columbus, relying on this court for relief under the statutes of the United States, and from a belief that, with such remedy, it did not befit him to resist by force such process of attachment; that his action in the premises had been in accordance with the orders of the secretary of war; that the issuing of the attachment was coram non judice; and that he was, under it, restrained of his liberty, for acts done or omitted to be done by him in pursuance of a law of, and under color of the rightful authority of, the United States, he being lieutenant-colonel of the Sixth United States cavalry, and a brevet brigadier-general in the United States army, and commandant of the post of Fort Columbus, a military site of the United States. This petition was accompanied by an affidavit of the military officer who presented to Judge McCunn the return of General Neill, showing its presentation, and that the judge refused to receive it because Casey was not produced.

On this petition and affidavit, I issued, on the 17th of January, 1871, a writ of habeas corpus to the said sheriff, commanding him to produce General Neill forthwith before this court, together with the time and cause of his imprisonment and detention. The writ was served on the sheriff, and he produced General Neill before this court, and made return, that he held him in custody by virtue of said warrant of attachment, of which a copy was annexed to his return.

This return was traversed by the United States, by its attorney, and by General Neill, as relator, in person, by a traverse averring, that, "while it is true that said sheriff has arrested the said relator by virtue of the said writ of attachment annexed to said return, and holds him in custody thereunder, yet the said arrest and detention are unlawful and in violation of the constitution and laws of the United States, for that the several facts and allegations in the petition of the said relator, in respect to the proceedings before the

said, the Hon. John H. McCunn, and in respect to the return to the writ issued by him, and the several facts stated in said return, are, in all things, true, in substance and matter of fact, as alleged and set forth in said petition, and they pray leave to refer to said petition and said return, with the same force and effect as though embodied herein." The sheriff put in a reply to this traverse, denying the same and averring that, "if the same is true, it is not sufficient, and this respondent ought not, by reason of any matter therein contained, to be prevented from executing the attachment held by him."

On the issues thus raised oral testimony was taken before me, which disclosed the state of facts above set forth, and the further fact, that, on the presentation of the return to Judge McCunn, the counsel for Casey objected to it, on the ground that it was not verified by oath, and also that the body of Casey was not produced, and that the judge thereupon refused to receive the return as sufficient, adding that he would receive no return until Casey was produced.

In the case of In re Riley [Case No. 11,834], in September, 1867, it was decided by me, in the district court for this district, following two prior decisions of the same court, made by Judge Betts, that, by virtue of the provisions of the twentieth section of the act of February 24, 1864 (13 Stat. 10), and of the fifth section of the act of July 4, 1864 (13 Stat. 380), the power of discharging from service in the army of the United States minors under the age of eighteen years, (the enlistment of minors above the age of eighteen years, without the consent of their parents or guardians, being lawful,) was taken away from the courts, and was confided wholly to the secretary of war; and that the whole power of discharge was thereby given to the secretary of war in regard to minors, whatever their ages when they enlisted or when they applied for discharge. The general term of the supreme court of New York for this district, in January, 1867, in the case of In re O'Connor, 48 Barb. 258, decided that congress had power to pass an act prohibiting the state judges from interfering with enlistments in the army; that it had done so by the two acts of 1864 and the act of February 13, 1862 (12 Stat. 339); and that the provision made by the acts of 1864 for a discharge by the secretary of war, on certain terms and conditions, of minors enlisted in the army, must be held to forbid other modes of obtaining discharges, and to be an assumption of exclusive jurisdiction, in cases of the kind, by the federal government. This decision was made on a return which was in all essential particulars like the return made to Judge McCunn in the case of Casey, and stated that the officer (General Butterfield) denied the jurisdiction of the state court, and refused to produce the body of the soldier. Such decision of the supreme court has not been overruled by any superior authority,

and was binding upon Judge McCunn, who, in issuing the writ of habeas corpus which he issued, acted, as before stated, under the statute of New York, solely as a justice of the supreme court at chambers. The decision does not show that the return made by General Butterfield was verified by oath, and it is understood that it was not. The decision was concurred in by Justices Ingraham and Clerke, and dissented from by Mr. Justice Leonard. But, in July, 1867, the case of James Stokes, Jr., like that of Casey in all its features, came before Judge Leonard, and he dismissed the writ of habeas corpus on the return. The same course was taken by Judge Loew, of the New York common pleas, in the case of Thomas Somers, in December, 1869, and by Mr. Justice Barnard, of the New York supreme court, in the same month, in the case of Herman Hattenhorst. These three cases were subsequent to the decision in the case of O'Connor, and so was the decision in Rielly's Case, 2 Abb. Prac. (N. S.) 334, made in March, 1867, by Judge Daly, of the New York common pleas, in which case, which was one like that of Casey, he held that, on the return, the writ must be discharged. The same course had been taken by Mr. Justice Barnard, in October, 1866, in the case of David Clarke, and, in November, 1866, in the case of Isaac Kent. I have before me the original papers in the cases of Stokes, Somers, Hattenhorst, Clarke, and Kent, with the signatures upon them of the several judges referred to, discharging the writs on the returns. In all of them, as well as in the case of Rielly, the officer to whom the writ was directed stated, in his return, that he denied the jurisdiction of the state court, and refused to produce the body of the soldier, and the return was, in substance, the same as that in the case of Casey. In all of them, except that of Rielly, the original papers show that the return of the officer was not verified by oath. I have not before me the original papers in the case of Rielly, but the report of the case does not show that the return was verified by oath, and it is understood that it was not.

These decisions were all made on the ground that the state court, judge or officer is utterly without jurisdiction to release the soldier on habeas corpus, when it appears, prima facie, that he is held to service in the army by an officer acting under the authority of the United States and claiming to hold him as an enlisted soldier; and that the inquiry whether he is an enlisted soldier, or whether he could be lawfully enlisted, is one of which the state tribunal, from that moment, ceases to have jurisdiction. In the case of Casey, not only did this appear from the return made by General Neill, but it also appeared from the petition presented to Judge McCunn for the allowance of the writ. The petition alleged that Casey "was restrained of his liberty at Fort Columbus, a military depot, in the port of New York," and that the cause of his re-

straint was, that he "enlisted in the United States army, at the city of New York, on or about the 23d day of December, 1870," and prayed for a writ to be issued, "directed to the officer in command of said Fort Columbus, in said port of New York." The only allegation in the petition as to any illegality or irregularity in his enlistment was, that he enlisted while a minor, under the age of twenty-one years, without the knowledge or consent of his parents, who were both living. The petition itself, therefore, showed, on its face, that Casey was held to service in the army, by an officer acting under the authority of the United States, and claiming to hold him as an enlisted soldier, and, therefore, showed that Judge McCunn had no jurisdiction to issue the writ. But if. under the statute of New York, it was imperative on the judge to issue the writ, his want of jurisdiction in the case appeared clearly from the return.

It was not necessary that the return should be verified by oath. I must regard the decisions made in the cases I have referred to, where the returns made by the military officers were none of them verified by oath, as authoritative that the oath was not necessary. The statute of New York (2 Rev. St. 566, § 32) provides that, except where the person making the return "shall be a sworn public officer, and shall make his return in an official capacity, it shall be verified by his oath." General Neill was a sworn public officer, within the meaning of this provision, and he made his return in his official capacity. The writ issued by Judge McCunn was addressed to "the officer in command of Fort Columbus, a military depot, in the port of New York, General Neill." The return is headed: "Headquarters Principal Depot, General Recruiting Service, Fort Columbus, New York Harbor," and General Neill's signature to the return is: "Thos. H. Neill, Lt. Col. 6th U. S. Cavalry, and Bvt. Brigadier General U. S. A., Commanding Depot." The writ, based on the petition, treated him as an officer, and as an officer of the United States army, and as a public officer, and as an officer in command of the military depot where Casey was restrained of his liberty, and as the officer who, in his official capacity as such commandant. was restraining Casey of his liberty, and it called upon him to make his return in such official capacity, and he did so. He is an officer of the United States, and a public officer, appointed by the president by and with the advice and consent of the senate, under article 2, section 2, subdivision 2, of the constitution of the United States. He is. also, an executive officer of the United States. under the second article of such constitution, and, as such, required, by article 6, section 3, of such constitution, to take an oath or affirmation to support such constitution. The form of such oath or affirmation is prescribed by section 1 of the act of June 1, 1789 (1 Stat. 23), and by section 4 of the same act, all officers thereafter to be appointed under the authority of the United States are required, before they act in their respective offices, to take the same oath of office. Furthermore, by the eighteenth section of the act of January 11, 1812 (2 Stat. 673), every officer is required to take and subscribe an oath or affirmation that he will bear true faith and allegiance to the United States, and that he will serve them honestly and faithfully against their enemies and opposers whomsoever, and that he will observe and obey the orders of the president of the United States, and the orders of the officers appointed over him, according to the rules and articles of war. Being found acting as such public officer, and being treated as such by the writ issued to him, he must, in such collateral proceeding, be regarded as having taken the required oaths and become a sworn public officer.

In either event, therefore, whether General Neill was or was not required to make a return to the writ, he was not required to make a sworn return. If there was no jurisdiction to issue the writ, no return at all was necessary. If a return was required, he was, by the statute, exempted, as a sworn public officer, from verifying it by oath.

Nor was he bound to produce the body of Casey. It was held by the supreme court of the United States, in the case of Ableman v. Booth, 21 How. [62 U. S.] 506, 523, that, where a state court or judge is without jurisdiction to release on habeas corpus, in a given case, a person held in custody under the authority of the United States, it is the duty of the officer who so holds such person in custody not to take such person, or suffer him to be taken, before the state court or judge, on the habeas corpus, and, also, his duty, if the state court or judge attempts to control him in any respect in his custody of such person, to resist such attempt by force. That case is also an authority to the point, that there was no power in the state judge to issue the writ of habeas corpus in the case of Casey. on the facts set forth in the petition for the writ.

As the state judge had no jurisdiction to proceed in the case of Casey, certainly after the return made by General Neill, and no jurisdiction to require the body of Casey to be produced, or to require any other or further return to the writ, he was without jurisdiction to issue the warrant of attachment against General Neill, which states, on its face, that it is issued solely because General Neill did not produce the body of Casey, and did not make any other return to the writ of habeas corpus than the return which he is shown to have made.

The next question is, whether the court has power, on the writ of habeas corpus issued to the sheriff, to release General Neill from the custody in which he is so held, under the warrant of attachment thus issued without jurisdiction. The seventh section of the act of March 2, 1833 (4 Stat. 634), provides, that "either of the justices of the supreme

court or a judge of any district court of the United States, in addition to the authority already conferred by law, shall have power to grant writs of habeas corpus, in all cases of a prisoner or prisoners in jail or confinement, where he or they shall be committed or confined on or by any authority of law, for any act done or omitted to be done in pursuance of a law of the United States, or any order, process or decree of any judge or court thereof, anything in any act of congress to the contrary notwithstanding; and, if any person or persons to whom such writ of habeas corpus may be directed, shall refuse to obey the same, or shall neglect or refuse to make return, or shall make a false return thereto, in addition to the remedies already given by law, he or they shall be deemed and taken to be guilty of a misdemeanor, and shall, on conviction before any court of competent jurisdiction, be punished by fine not exceeding one thousand dollars, and by imprisonment not exceeding six months, or by either, according to the nature and aggravation of the case." The first section of the act of February 5, 1867 (14 Stat. 385), provides, "that the several courts of the United States, and the several justices and judges of such courts, within their respective jurisdictions, in addition to the authority already conferred by law, shall have power to grant writs of habeas corpus, in all cases where any person may be restrained of his or her liberty in violation of the constitution or of any treaty or law of the United States." The section then goes on to provide as to the application for the writ, its award, its form, the return to it, the joining of issue, the hearing, the penalties for not obeying it, and appeals from the final decision upon it, and concludes as follows: "And, pending such proceedings on appeal, and until final judgment be rendered therein, and after final judgment of discharge in the same, any proceeding against such person so alleged to be restrained of his or her liberty, in any state court, or by or under the authority of any state, for any matter or thing so heard and determined, or in process of being heard and determined, under and by virtue of such writ of habeas corpus, shall be deemed null and void."

By the terms of the warrant of attachment, General Neill is in custody for not producing the body of Casey before the state judge, and for not making any other return than the one he made to the state writ of habeas corpus. Whether the retaining of the body of Casey and the making no different return to the writ be regarded as acts done by General Neill, or omissions by him to do acts, he acted, in retaining the body of Casey, and in refusing to produce him before the state judge, and in denying the jurisdiction of the state judge, and in not making any other return than the one he did make, in pursuance of his duty as an officer of the army of the United States, who, under the laws of the United States, was charged with the custody of Casey, as an enlisted soldier of the army, and was bound to maintain such custody as against the unlawful interference of a state judge. He acted, therefore, "in pursuance of a law of the United States," within the meaning of the seventh section of the act of 1833; and he is restrained of his liberty in violation of a law of the United States, within the meaning of the first section of the act of 1867. This court is, therefore, bound to discharge him from the custody in which he is held by virtue of the warrant of attachment.

The same conclusion I have arrived at was reached by the district judge of the United States for the district of Kentucky, in the case of In re Farrand [Case No. 4,678], in December, 1867. In that case, a state court issued a writ of habeas corpus to an officer of the army of the United States, to produce one Johnson. The officer made a return stating that the man was a duly enlisted soldier in the army of the United States, and annexing copies of his enlistment papers, in substance the same as in the case of Casey, and denying the jurisdiction of the court, and declining to obey the writ. The state court, nevertheless, proceeded and made an order directing that the soldier be discharged. The officer refused to obey such order and continued to hold the soldier by virtue of his enlistment. The state court then proceeded against the officer by process of contempt, and he was taken into custody under such process, and, while in confinement, a writ of habeas corpus was issued by the district judge of the United States for the district of Kentucky, on his application, to the state marshal who had him in custody under such process. The district judge, on these facts, discharged the officer from the custody of the state marshal, holding that the proceedings in the state tribunal were without jurisdiction, and that the federal judge had power to discharge the officer from the state custody. A similar power of discharge was exercised by the federal court in the cases of Ex parte Robinson [Id. 11,935]; Ex parte Jenkins [Id. 7,259]; and Ex parte Sifford [Id. 12,848]. The relator is discharged.