STATE OF GEORGIA *v.* BOLTON and another.*

(*Circuit Court, N. D. Georgia.* March, 1882.)

REMOVAL—CRIMINAL PROSECUTION—REV. ST. § 643.

    A criminal prosecution is commenced, within the meaning of section 643 of the Revised Statutes, as soon as a warrant has been issued, and is then removable into the United States circuit court.

The defendants were United States deputy marshals, and were arrested under warrants issued by the state authorities for the alleged killing of Jackson Hicks, in Gwinnett county, whom they were attempting to arrest for illicit distilling. Prior to their examination they petitioned this court for writs of *certiorari* and *habeas corpus, cum causa,* under section 643 of the Revised Statutes, to remove the proceedings into this court, and to take the persons of the defendants out of the custody of the state officials into that of the United States marshal, and the attorney general of the state of Georgia resisted the petition on the ground that it was premature, no indictment having been yet found against the prisoners.

*Clifford Anderson,* Atty. Gen., for plaintiff.

*J. S. Bigby,* U. S. Dist. Atty., for defendants.

Before PARDEE, C. J., and BOARMAN, D. J., of the western district of Louisiana, sitting in the vacancy in the northern district of Georgia, under Rev. St. 591.

PARDEE, C. J. After an examination of all the authorities cited and to be found, we are constrained to follow the decision of Judge Woods in the *Red Oak Cases,* reported in 3 FED. REP. 117. *State* v. *Port.* The learned attorney general, who has favored us with an argument, admits the constitutionality of section 643 of the United States Revised Statutes in question, but makes his whole contention upon the ground that the attempted removal is premature— before indictment found. The decision of Judge Woods referred to is directly in point, for it was rendered in a case identical in all its features with the one at bar. Aside from the weight to be given to a decision rendered by a judge of such high standing, it is to be considered that Justice Woods is now the circuit justice of this court; and for us to dissent from his conclusions in such a matter would be to render the practice of the court in a very important class of cases unsettled and uncertain. But we take it that the decision in question is right, and supported by the law and reason of the case. Counsel

    *Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

admits, and it seems indisputable, that on filing an affidavit and issuing a warrant by a committing magistrate in the state of Georgia a prosecution is commenced.

It is difficult to conceive of a prosecution commenced without its having been begun in a court. Then we have, in this case, the compliance with the first condition of section 643: "When any criminal prosecution is commenced in any court of a state," which is the only provision in the section controlling the time after which the removal may be made. Which particular court of the state, and whether a court of record, is immaterial. If the prosecution is commenced, and in any court of the state, the statute is operative. No argument in favor of prematurity can be properly based on the point that the prosecution is to be removed for trial, and therefore cannot be removed until indictment found. Whatever is to be tried in the state court is to be removed to the circuit for trial. If on affidavit, as a court of inquiry, then we try here on affidavit as a court of inquiry. If on an indictment in a criminal court of record, then we try it here on the indictment and according to the laws provided for such cases. The difficulties that may be encountered in trying the case in the circuit court can cut no figure at this time, for the only question now is the single one of the right of removal.

The reason of the case goes also in favor of removal as soon as any prosecution is instituted. If the government is to protect its officers at all it should protect them in full. To allow them to be arrested and incarcerated for an indefinite time by the courts of the state, even with a final prospect of removal, is to allow them to be constantly intimidated in the discharge of their duties by the danger of imprisonment before trial, and to allow the government to be crippled in the execution of its laws and the collection of its revenue by the arrest and indefinite imprisonment of its officers. It is fair to presume that the fullest protection of federal officers and of the government interests was intended by congress in passing the act, even if it was not intended to prohibit all interference by the state courts with government officers in the discharge of their duties. We have examined the following cases: *Tennessee* v. *Davis,* 100 U. S. 257; *Georgia* v. *O'Grady,* 3 Woods, 496; *Georgia* v. *Port,* 3 FED. REP. 117; *Pennsylvania* v. *Artman,* 5 Phila. 304; *Ex parte Robinson,* 6 McLean, 355; *In re Farrant,* 15 Abb. 140; *U. S.* v. *Jailer,* 20 Abb. 265; *In re Neill,* 8 Blatchf. 156.

Being satisfied that the case comes under the act, and that the removal prayed for and the writs asked should be allowed, it will be so ordered. As the district attorney of the United States is charged

by law with the defence of revenue officers charged with offences in the performance of their duties, a special attorney will be appointed to represent the government and the state of Georgia in the prosecution before the commissioner holding the court of inquiry in the removed case, and before the grand jury and petit jury of this court, should the case be heard before either; and, considering that there is doubt as to the jurisdiction of the grand jury of this court to find an indictment in this case, and doubts as to the form and requisites thereof, the said special attorney so appointed, and the solicitor general of Gwinnett county, are authorized to lay the case before the grand jury of that county, at the next term of the supreme court thereof, for its action, provided that any indictment found shall be at once certified to this court for prosecution and trial, subject to such legal objections as may be brought against it.

BOARMAN, D. J., concurred.