### COMMONWEALTH OF VIRGINIA v. DE HART.

(Circuit Court, W. D. Virginia. December 23, 1902.)

1. REMOVAL OF CAUSES—PROSECUTION OF INTERNAL REVENUE OFFICER—ACTS DONE UNDER COLOR OF OFFICE.

A criminal prosecution for an assault committed by defendant in repelling an attack made upon him while acting as a posseman under appointment by a deputy United States marshal, and while assisting in an effort to find and arrest a person charged with a violation of the revenue laws, is removable into the federal court, under Rev. St. § 643 [U. S. Comp. St. 1901, p. 521], the defendant having been at least acting "under color of" office, or in the exercise of a "right or authority claimed" under a revenue law, within the meaning of said section; and it is immaterial, for purposes of removal, what motive actuated his assailant or the officer in defending himself.

Criminal Prosecution Removed from State Court. On motion to remand.

Wm. A. Anderson, Atty. Gen., for Virginia.
Thos. L. Moore, U. S. Dist. Atty.

McDOWELL, District Judge. The point for decision in this case arises on a motion by the state to remand this cause to the state court. The defendant was indicted by the grand jury of Floyd county for a felonious assault on one N. K. Thomas. On an informal petition, subsequently amended, filed under section 643, Rev. St. U. S. [U. S. Comp. St. 1901, p. 521], the cause was removed to this

court.  The motion to remand is based on the contention that the petition as amended does not allege the state of facts necessary to give this court jurisdiction.  So far as now material, the amended petition alleges that a short time prior to the alleged assault the petitioner, while acting as a posseman under a deputy collector of internal revenue, had assisted in destroying an illicit distillery belonging to the aforesaid N. K. Thomas; that he appeared as a witness, and had testified against Thomas at the preliminary hearing, and was recognized as a government witness to appear and testify against Thomas at the then next term of the federal court.  At this juncture—between the examining trial and the term of court at which Thomas was to be tried for operating an illicit distillery—the petitioner was summoned by a deputy United States marshal to assist in an effort to arrest one Agee for a violation of the federal revenue laws.  "While in the discharge of such duty, and while acting under and by authority of said officer, your petitioner was set upon by said N. K. Thomas, who told your petitioner that, on account of his having reported said Thomas' still to the government officers, and on account of his having, while acting under and by authority of a deputy collector of the United States, assisted in the cutting up and destruction of said Thomas' still, and on account of the evidence given by your petitioner against him before the commissioner, and to prevent such evidence being repeated by your petitioner at the November term of the said district court, he intended to kill your petitioner.  As he said this, said N. K. Thomas thrust his hand in his pocket and drew therefrom a pistol.  Your petitioner, acting in the capacity of a government officer, also had on his person a pistol, which he drew from his pocket, and, without attempting to fire on the said N. K. Thomas, struck him in self-defense, and thereby prevented the said N. K. Thomas from carrying out the threats made not only at that time, but on previous occasions."  There is no room for doubt that a deputy marshal, while executing, or on the way to execute, a warrant for the arrest of one charged with a violation of an internal revenue statute, is "an officer acting by authority of a revenue law."  Carico v. Wilmore (D. C.) 51 Fed. 196.  And the petitioner—as he was acting under such an officer—is within the intent and letter of the statute (Davis v. South Carolina, 107 U. S. 597, 2 Sup. Ct. 636, 27 L. Ed. 574) if the prosecution is on account of an act done under color of office or of any revenue law, or if the prosecution is on account of any right or authority claimed under any revenue law.  Possibly the mere fact that the assault made by Thomas on the petitioner grew out of the prior actions of the petitioner while acting under the deputy revenue collector may have no bearing on the question here.  If, years after a revenue collector has left the government service, he is attacked because of some act done by him while in the service, and if, in repelling the attack, he kills the one who assaults him, his act is not one done under color of office or of any revenue law, nor is it an act done under a right or authority claimed under any revenue law.  The only right that could be claimed in such case would be the right of self-defense.  Again, suppose that a revenue officer, while holding a commission,

but while quietly at his home, and while not engaged in any official duty, is attacked because of some act previously done by him in the performance of his official duty, and in repelling such attack he kills the person who assaulted him, and is indicted therefor in the state court. It would seem that the act of killing here is not done under color of office or of any revenue law, nor under a right properly to be claimed under any revenue law; but that the officer in this case is again merely exercising the right of self-defense. While congress might well have extended the right of removal to cover such a case, the language employed in section 643 may not be quite sufficient to do so. Illinois v. Fletcher (C. C.) 22 Fed. 778. However, the petition here sets up certain other facts which I think do show a prima facie right to a trial in this court. These facts are that, the petitioner having been duly summoned as a posseman by a revenue officer, who was "seeking to arrest" an offender against the revenue law, and while the petitioner was "in the discharge of such duty" he was set upon by Thomas, who declared his purpose to kill petitioner, and the latter in self-defense struck said Thomas. If a revenue official (the law being the same in the case of one acting under such official as his posseman), while "hot-foot" after a fleeing violator of a revenue law, is set upon by friends of the fugitive, who seek thus to prevent the arrest, and if, in resisting the assault, the officer kills one of the party, his act in so doing is certainly one done under color of office, or one done under a right claimed under a revenue law. "Colorable" is defined as "having the appearance, especially the false appearance, of right." In the case supposed it was the duty of the officer to arrest the fugitive. To execute this duty he had to repel the assault, or to abandon his pursuit. The killing, then, was, to say the least, done colorably in the line of official duty. Does it alter the case if we suppose that the person or persons who interfere with the officer's pursuit are actuated, not by a desire to prevent the arrest, but by a mere personal desire to injure the officer? In such case, if the assault be not repelled, the officer cannot proceed with the execution of his official duty. Consequently it is not a strained construction of the statute to hold that when an attack is made on a revenue officer, while he is in the actual pursuit of a violator of the revenue laws, by a third party actuated by mere personal malice towards the officer, and the officer, in repelling the attack, wounds or kills the person attacking him, such act is one done, at least colorably, in the line of official duty. Nor can a distinction be properly drawn if, instead of being in actual pursuit, the officer is merely on the way to make an arrest, or merely seeking an offender with intent to arrest him when found. It seems to me that it is as much the officer's right, even if not as much his duty, to proceed on his way, or to proceed with his search, as it is to pursue when the offender is in sight and is fleeing. If interrupted by one who assaults him—no matter what cause actuates the person making the assault—the officer has as much right to repel the assault in the one case as in the other. To be sure, the same necessity for immediate action may not exist in both cases. It is true that, when the officer is merely traveling on

the way to make an arrest, he could, perhaps, by a timely retreat, avoid the necessity of injuring the one attacking him. But this might also be true if he were attacked while in hot pursuit of a fleeing criminal. And in either case his act in repelling the assault is at least colorably done in the exercise of his official duty; for in either case it is his official duty to proceed, whether with the actual pursuit of a fugitive, or with his journey, or his search for an offender. Any one who, while the officer is thus engaged, attacks him, is, in some measure, interfering with the performance of an official duty. And in repelling the attack the officer is at least colorably performing such duty. The mere fact that the officer's chief thought or sole thought is self-defense does not eliminate from the case the fact that in repelling the assault he is, at least colorably, proceeding with his official duty. And I am not disposed to emasculate the statute by such refinements as making the right of removal depend on whether the thought uppermost in the officer's mind was self-defense, or an intent to proceed with the execution of his duty—necessarily putting his assailant hors de combat, in order that he might be at liberty to so proceed. The intent of section 643, Rev. St. [U. S. Comp. St. 1901, p. 521], is to afford to revenue officials and their assistants protection from local prejudice against federal revenue laws and revenue officials. The language of the statute does not authorize a removal of every prosecution against a revenue officer; but the words "under color of" and "right or authority claimed" show clearly that the act for which the prosecution is commenced need not be one done strictly in pursuance of a federal revenue statute in order to justify removal. If, for instance, a revenue officer, while not even colorably engaged in the performance of duty, sets fire to a neighbor's dwelling, he should be tried for his arson by the state court. But if, while seeking to arrest a violator of a revenue law, who is fortified in his dwelling, the officer—even without sufficient justification—sets fire to the house in order to effect the capture, the trial of the charge of arson made against him should be removed to the federal court.

The conclusion I reach is that the petition here shows on its face a right of removal. The motion to remand is overruled.