## STATE OF FLORIDA v. TOOHER et al.

(District Court, S. D. Florida, at Jacksonville. June 19, 1922.)

### No. 858.

Habeas corpus ⊜⟿33—Issued to release defendants on bail, where state authorities fail to prosecute soldiers killing man shooting in dark.

Where a lieutenant in a military posse, seeking a deserter, was wounded by a shot in the dark, and fired at the place where he saw the flash, and killed the shooter, who was found near an illicit still, and, although the lieutenant was confined thereafter by the federal authorities for over a year, the state authorities had taken no steps to bring the charge made against the lieutenant and another member of the posse by indictment to a hearing or conclusion, habeas corpus would issue to release both defendants on bail.

Habeas Corpus. Petitions for release on bail by B. J. Tooher and Kristjan Bredvad. Writ granted.

S. W. Lawler, Pros. Atty., of Arcadia, Fla., and Frank Wideman, Pros. Atty., of Jacksonville, Fla., for the State of Florida.

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wm. M. Gober, U. S. Dist. Atty., and Harry Reinstine and Maynard Ramsey, Asst. U. S. Attys., all of Jacksonville, Fla., for defendants.

CLAYTON, District Judge. This being the day and hour set for the hearing of two petitions for habeas corpus, one by B. J. Tooher and the other by Kristjan Bredvad, "No. 858 T, Crim.," the court proceeded to hear and determine the matters and questions involved in said petition.

It was established to the satisfaction of the court that the prosecuting attorney for the state was duly notified as much as a week before this day of this proceeding, and required by such notice to be present at this hearing at this time. It was also made to appear to the court that the deputy sheriff, who was the important witness for the state in the case in the state court wherein the indictment in this case was found, was duly subpœnaed to be present and attend upon the court at this hour, and it is made to appear to the court that such witness has not appeared, and the state prosecuting attorney has failed and refused to be present at this hearing. And thereupon the court proceeded to hear the petitions and the evidence in support of the allegations contained therein.

It is made to appear to the court that these petitioners were two members of a military squadron or force which the evidence shows was commanded and directed by Maj. Royce, the duly authorized and acting United States army officer, to proceed to the place hereinafter mentioned, where a certain deserter from the United States army named Marion O. Fisher was alleged or believed to be secreted; that in pursuance of such order these two petitioners, together with Eugene Jungblath, of the United States army, as constituting the duly authorized military posse, and when this posse, under the command of Lieut. Tooher, came within gunshot range of where it was reported that such deserter was secreted, the posse was fired upon and Lieut. Tooher severely wounded by the discharge of a shotgun carrying large duck shot or other large shot, of which charge possibly some 15 of the shot entered his body in the region of the lower part of the spinal column; that as a result of such wound the lieutenant had to go to the Army Hospital and receive surgical treatment and attention for something like a month or more; that when this shot was fired at the posse and the lieutenant wounded it was in the night, about 11:30 o'clock, and the moon was not shining; that the night was dark; that the man who fired the shot was not seen by the posse before or after the shot was fired by him; that immediately upon being shot the lieutenant dropped to his knees and fired at the place where he saw the flash of the gun; that he and the two soldiers under his command out of caution went back to their automobile, which had been left something like 100 yards away from where the shooting occurred, for the purpose of driving the machine near the scene of the shooting, so that the premises could be flooded with the light from the automobile; that before they could return to the place of the shooting the town marshal of Punta Gorda appeared and took charge of the matter, and made an

investigation of the shooting, with the result that he found one Pitts at the place or spot where the gun had been discharged at the posse and which had wounded Lieut. Tooher as above described; that Pitts was dead; that a double-barreled shotgun was found there by his side, with one barrel discharged, and an empty or exploded shell within a few feet of the shotgun; that there was a board structure almost in touch with the spot where Pitts was found, behind which there was discovered by the town marshal an illicit still and distilling apparatus with the necessary material, with evidence that this was an illicit distillery recently in operation in the manufacture of whisky or spirits; and that there was at the distillery a quantity of beer or mash ready for distillation.

It is also made to appear to the court that these petitioners have been under arrest, first of the military authorities, and now under the joint authority of the United States marshal of the Southern district of Florida, and that they have been under arrest and in confinement since the 8th day of April, 1921. It is further made to appear to the court that the state authorities have taken no steps to bring the charge made against the petitioners by indictment in the state court to a hearing or a conclusion.

Now, in consideration of the premises and the facts recited therein, together with other evidence adduced on this hearing, it is the judgment of the court that the writ heretofore granted by Hon. Rhydon M. Call, United States District Judge for the Southern District of Florida, was properly granted; and it is further the judgment of this court that the case of each petitioner is a bailable case, and that the petitioners are each entitled to their liberty, upon giving bond for their appearance at the trial of the charge made against him in the indictment, which trial is hereinafter provided for and directed. Therefore it is the judgment and order of the court that each of the defendants enter into bond, with surety, of $1,000 in each case, for their further appearance in this court to answer to the charge made in the indictment preferred in the state court—they being officers and soldiers in the service of the United States and were in such service when the offense alleged against them was committed.

It is further the order of this court that the judge thereof will approve the appearance bond in each of such cases upon its presentation to him. It is further adjudged and ordered by the court that the petitioners and each of them be and they are hereby required to appear and be present at this court on Monday, June 26, 1922, when and where matters and things involved in the charge preferred against them in the indictment will be by the court heard and determined as provided by law. In the meantime the prosecuting attorney of the state of Florida and the sheriff and other ministerial officers are enjoined not to interfere with the liberty of the petitioners, and not in any manner to attempt to bring these petitioners to trial for said alleged offense in any state court in the state of Florida.