## Ex parte HUSTON.

(District Court, S. D. Florida. July 25, 1922.)

**Removal of causes ⬅85½ New, vol. 9A Key-No. Series—Writ of habeas corpus cum causa will not issue, removing complaint against federal prohibition agent, who acted unlawfully, to federal court.**

A writ of habeas corpus cum causa will not issue to remove a criminal complaint to the United States District Court for hearing, where a federal prohibition agent was arrested, but not restrained of his liberty, nor indicted, by state authority charged with assaulting with intent to murder, the driver of an automobile who he had reason to believe was transporting intoxicating liquor in violation of the National Prohibition Act, but for whom he had no warrant of arrest, in view of Act Nov. 23, 1921, § 6.

Application of Robert Huston for the removal of a criminal complaint filed against him in the county court to the United States District Court for hearing, and for a writ of habeas corpus cum causa therefor. Writ refused.

Harry W. Reinstine, Sp. Asst. U. S. Dist. Atty., of Jacksonville, Fla., for petitioner.

CLAYTON, District Judge. This petition is made by the Assistant United States District Attorney for and on behalf of Robert Huston. The allegations are that Huston is a federal prohibition agent; that he fired a number of shots at a certain Hudson automobile, upon the refusal of the driver thereof to stop the vehicle after the driver had been told that Huston was such agent; that Huston had reason to believe intoxicating liquors were being transported in the automobile in violation of the National Prohibition Act (41 Stat. 305); that thereafter, and because of the shots fired by Huston, several of which went into the automobile, a criminal complaint was filed in the county court of St. Johns county, Fla., sworn to by one J. M. Griffin, charging that Huston on the occasion before mentioned did willfully, unlawfully, and feloniously assault J. M. Griffin with intent to commit murder; further, that in consequence of such complaint a warrant was issued for the arrest of Huston, who was accordingly taken into custody on June 17, 1922, and immediately gave bond and was released; that subsequently a preliminary hearing was held before the judge of such county court, and Huston was bound over to await the action of the grand jury of that county; that he made the required bond and was released. It is also alleged that this criminal charge is still pending; that Huston is not guilty of the act complained of, and that the act was done in performance of his duties as federal prohibition officer of the United States government; and that Huston was acting by and under authority of the laws of the United States, and was attempting to enforce the National Prohibition Act.

This is literally the language of the petition, with but few and immaterial changes of the text. The petition prays that said criminal cause be removed from the county court of St. Johns county, Fla., into the District Court of the United States for the Southern District of Flor-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ida for hearing, and that writ of habeas corpus cum causa issue to that end.

On the hearing of the petition there were cited In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55, and State of Florida v. Bernard J. Tooher et al. The latter was removed to this court, the United States District Court, at Jacksonville, by Judge Call on petition on October 19, 1921. The same was tried (Clayton, Judge) on the charge contained in the state grand jury's indictment. Present at the trial in this court were the state prosecuting attorney, who prosecuted the case, and the witnesses for the state and the defendants in the indictment and their witnesses. A regular and formal trial was had in this court under the Florida law and in accordance with the Florida procedure. A verdict of acquittal was regularly rendered.

Neither of the above cases affords authority in support of this petition. They cannot be any precedent for federal intervention in the instant case. Neagle was a deputy United States marshal.

"The main allegation of this [his] petition was that Neagle, as United States deputy marshal acting under the orders of Marshal Franks and in pursuance of the instructions from the Attorney General of the United States had in consequence of an anticipated attempt at violence on the part of Terry against Hon. Stephen J. Field, a Justice of the Supreme Court of the United States, been in attendance upon said justice, and was sitting by his side at a breakfast table when a murderous assault was made by Terry on Judge Field, and in defense of the life of the judge the homicide was committed for which Neagle was held by Cunningham (the sheriff). The allegation was very distinct that Judge Field was engaged in the discharge of his duties as Circuit Justice of the United States for that circuit, having held court at Los Angeles, one of the places at which the court is by law held, and, having left that court, was on his way to San Francisco for the purpose of holding the Circuit Court at that place. The allegation was also very full that Neagle was directed by Marshal Franks to accompany him for the purpose of protecting him, and that these orders of Franks were given in anticipation of the assault which actually occurred. It was also stated, in more general terms, that Marshal Neagle, in killing Terry under the circumstances, was in the discharge of his duty as an officer of the United States, and was not, therefore, guilty of murder, and that his imprisonment under the warrant held by Sheriff Cunningham was in violation of the laws and Constitution of the United States, and that he was in custody for an act done in pursuance of the laws of the United States; this petition being sworn to by Farrish, and presented to Judge Sawyer."

The ruling of the court was that Neagle was justified in defending Mr. Justice Field; that in doing so he acted in discharge of his duty as an officer of the United States; that, having so acted in that capacity, he could not be held to answer under the laws of California or to its courts for an act for which he had authority under the laws of the United States. These laws are referred to and commented on in the opinion of the court rendered by Mr. Justice Miller.

In the case of State of Florida v. Tooher, above referred to, an indictment for murder had been returned in the state court against the defendants. The federal court (Judge Call) took jurisdiction because the defendants were soldiers, and while in the discharge of their military duty and under an order of the military authority the homicide charged against them was committed, and under these circumstances: The defendants, said soldiers, went where they were ordered to go to

find and arrest a deserter from the United States army. Accordingly, when they arrived at such place, it was in the nighttime, and they approached the shack where the deserter was believed to be. When within a few yards of the shack they were fired upon by some one in the dark and without any previous warning. One of the soldiers, who was severely wounded by the gunshot, returned the fire by shooting one time. Then they went back to their automobile in the road for a light. The town marshal then came up—the scene was in the suburbs—and he, together with the soldiers, went to the shack and there found a dead man, killed by the pistol fire of the soldier. It may be said that circumstances showed that the deceased was an illicit distiller, for there was a still, "mash," and "moonshine liquor" in the shack. The dead man was found lying next to and on the outside of the boarded wall of the structure. And in that case the soldiers were in prison by virtue of the state indictment for more than six months.

Here in this case it appears that the prohibition agent had no warrant whatever for the arrest of Griffin or his automobile, and that the only reason that Huston, the agent, had for his actions in firing into the automobile was that he said that he had cause to believe that intoxicating liquor was being transported in the automobile, and that Griffin would not stop after he had been ordered to do so. The transportation, if there was any, was merely a misdemeanor and Huston was not justified in firing upon Griffin. If he had killed him, he would at least have been guilty of murder in the second degree under the Florida statute. It may be that he did not have any liquor at all, and it may be that he thought he had encountered a "road agent," who was attempting to make an unlawful "hold-up," say for robbery. It will be noted that the petition says that Huston had reason to believe that liquor was being transported. It does not state that liquor was in fact being transported, nor does it state that he actually believed that it was being transported.

It is well to call attention to the Act of November 23, 1921 (42 Stat. 222), supplemental to the National Prohibition Act:

"Sec. 6. That any officer, agent, or employee of the United States engaged in the enforcement of this act, or the National Prohibition Act, or any other law of the United States who shall search any private dwelling as defined in the National Prohibition Act, and occupied as such dwelling, without a warrant directing such search, *or who while so engaged shall without a search warrant maliciously and without reasonable cause* search any other building or *property*, shall be guilty of a misdemeanor and upon conviction thereof shall be fined for a first offense not more than $1,000, and for a subsequent offense not more than $1,000 or imprisoned not more than one year or both such fine and imprisonment."

In view of all the facts and circumstances, especially in view of the fact that Huston is not restrained of his liberty and has not even been indicted, I feel bound to deny the prayer of the petition. Accordingly, the writ for habeas corpus cum causa is refused.