### STATE OF FLORIDA v. HUSTON.

(District Court, S. D. Florida. September 7, 1922.)

**Removal of causes ⊂⟶22—Criminal prosecution against prohibition agent held not removable.**

A state prosecution against a prohibition agent for reckless driving of an automobile on a public highway, when he was returning to headquarters after an absence on official business, but was not at the time in the performance of any official duty, *held* not removable, under Judicial Code, § 33 (Comp. St. § 1015).

Habeas Corpus. Petition for writ by defendant in the criminal case of the State of Florida against Robert Huston. Denied.

See, also, Ex parte Huston (D. C.) 282 Fed. 723.

Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla., for petitioner.

CLAYTON, District Judge. The defendant in the above-styled cause brings this petition, and alleges that he was a federal prohibition agent on June 17, 1922; that he was returning from an official investigation on the St. Augustine road to his headquarters at Jacksonville,

Fla., when about six miles out of Jacksonville an accident occurred between the automobile of the petitioner and another automobile, resulting in injury to Ernest Shadd; that information by the state of Florida has been filed against petitioner in the criminal court of record of Duval county, Fla., for careless and reckless driving, and that his case is set for trial in such court; that petitioner is now out on bond, but that such proceeding is still pending against him; that he is not guilty, and that the act complained of occurred while in the line of his duties as federal prohibition officer of the United States government.

The prosecution against the petitioner is under chapter 8410, Laws of Florida 1921, vol. 1, § 1023, prohibiting reckless operation of motor vehicles, or at a rate of speed greater than the reasonable rate prescribed. The infraction is made a misdemeanor under section 5605, Rev. Gen. Stats. of Fla. 1920, vol. 2, and punishment is by fine.

In his argument in behalf of the petitioner the district attorney invoked the application of section 33 of the Judicial Code, as amended by Act of August 23, 1916 (Comp. St. § 1015), namely, that:

"When any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States * * * on account of any act done under color of his office * * * or in the performance of his duties as such officer * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the District Court," etc.

It is insisted that Huston, who was a federal prohibition agent at the time mentioned in his petition, was by reason thereof an officer appointed or acting under a revenue law of the United States.

If whatever doubt there may be about the correctness of such contention be resolved in favor of the petitioner, and he is to be treated as an officer under the revenue law, then the question is presented as to whether or not the federal court should take the case away from the state court, where the charge under the state law is pending against petitioner for careless and reckless driving on a public highway. Petitioner is now at liberty on bond requiring his appearance hereafter in the state court for trial. As probably a matter of necessity, Congress has left it to the courts to work out the solution of all conflicts, or apparent conflicts, between the state and federal authorities in the matter of the enforcement of the National Prohibition Law (41 Stat. 305).

Whatever police power over the liquor traffic may have been granted to the federal government by the Eighteenth Amendment, it cannot be said that the reserve power of the state over the regulation of the travel on state highways has been surrendered to the federal government. The state must still in this regard be allowed to function. To deny such right to the state would be a bald usurpation. So here, undoubtedly, the state had the right to prohibit careless and reckless driving of automobiles on her public highways. Indeed, she owed, and owes, this duty of protection to that large part of the public who travel daily in automobiles from point to point, from town or city to town or city, and from and to homes to and from towns or cities.

It appears from the petition that the state has charged petitioner with careless and reckless driving on the public highway contrary to

her law. It also appears that the petitioner was not in pursuit of any "rum runner," "bootlegger," or "moonshiner" at the time he is charged with careless and reckless driving of his automobile, but that he had been to St. Augustine, some 40 miles south of Jacksonville, in discharge of his official duty there, and was returning to Jacksonville, where his headquarters were, and that the alleged careless and reckless driving, resulting in the alleged collision of petitioner's automobile with that of Shadd, occurred within about 6 miles of Jacksonville.

I do not think that the case presented comes under the doctrine announced in Re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55, decided by the Supreme Court of the United States, or under the rule given in the Soldiers Case—that is, State of Florida v. J. Tooher et al., 283 Fed. 845, decided by this court. The opinion rendered by this court on July 25, 1922, in Huston v. State of Fla. undertakes to state the law, and will be found hereafter in 282 Fed. 723. The petitioner was not, at the time of the careless and reckless driving, and of the consequent collision with the other automobile, endeavoring to prevent a commission of crime against the United States, or one of its officers, nor was he engaged in an effort to make an arrest for violation of any law of the United States. There is no feature of the case which exempts him from amenableness to the law of Florida for the protection of travelers on the public highways.

Accordingly the writ of habeas corpus cum causa is denied, and the petition therefor is dismissed.