**CITY OF NORFOLK, VIRGINIA,**

v.

**William T. McFARLAND.**

**Crim. No. 11–263.**

United States District Court
E. D. Virginia, Norfolk Division.

Aug. 29, 1956.

**588**

Leonard H. Davis, City Atty., Virgil S. Gore, Jr., Asst. City Atty., Norfolk, Va., for plaintiff.

L. S. Parsons, Jr., U. S. Atty., William F. Davis, Asst. U. S. Atty., Norfolk, Va., for defendant.

HOFFMAN, District Judge.

The defendant herein, William T. McFarland, an investigator for the Alcohol and Tobacco Tax Division of the Treasury Department, was given a summons charging defendant with speeding while allegedly operating his motor vehicle over the streets of the City of Norfolk Virginia, at a speed of 55 miles per hour in a 25 mile per hour speed zone. Said summons directed the defendant to appear for trial before the Police Justice, Police Court Part II, at a stated time. Defendant filed a petition for removal in this Court under the provisions of 28 U.S.C.A. §§ 1442, 1446, the pertinent portion of § 1442 reading as follows:

"(a) A * * * criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."[1]

The City of Norfolk has filed a motion to remand said proceeding, the contention being that defendant was not acting under color of his office or in the apprehension or punishment of any criminal.

Counsel concede that there is no discretionary right of the Court in accepting or declining jurisdiction. The Police Court, Part II, is a state court within the meaning of § 87 of the Constitution of Virginia. Supplementing the petition for removal counsel agreed that, for the purpose of the hearing on the motion to

---

1. The remaining portion of 28 U.S.C.A. § 1442, is not applicable to this controversy.

remand, certain additional facts could be considered.

Defendant was at the home of a relative on Sunday afternoon, July 1, 1956, when at 3:45 P.M. he received a telephone call from an informant to the effect that an illegal distillery was then in operation at a point approximately ten miles distant therefrom, and that the operators of the distillery were "finishing a run" and would soon depart. Defendant thereupon telephoned two other officers to enlist their aid in raiding the distillery and, if possible, apprehending the operators. A Government truck was in the possession of one officer and defendant arranged to go to this officer's home where defendant was to leave his personal automobile. The two officers were then to proceed in the Government truck to the illegal distillery after first picking up the third officer en route.

Having made these telephone calls, defendant changed his wearing apparel, strapped on his revolver, and departed in his personal automobile en route to the first officer's home, which required a deviation of approximately five miles from the most direct route to the illegal distillery. After traversing a distance of approximately eight blocks he was stopped at 4:05 P.M. by an officer of the Norfolk Police Department who issued the summons in question. Having been detained by the officer for a period of approximately ten minutes, defendant abandoned his plan to accompany the other officers and proceeded directly to the distillery where he ascertained that a fire was still burning in the boiler, but the operators had departed.[2]

 Counsel for the City of Norfolk rely upon State of Florida v. Huston, D.C., 283 F. 687, in support of its motion for remand. In that case a federal prohibition agent was arrested for careless and reckless driving while *returning* from an official investigation. The nature of such "investigation" is not disclosed by the opinion, although it is stated that the officer was not endeavoring to prevent the commission of crime against the United States, or one of its officers, nor was he engaged in an effort to make an arrest for violation of any law. Agreeing with the conclusion in the Huston case, it must be interpreted in conjunction with the existing facts, and any suggestion that Congress did not intend to include misdemeanors relating to the operation of motor vehicles on the public highways is too broad to be applied universally in all cases. As was said in Commonwealth of Virginia v. De Hart, C.C., 119 F. 626, 628:

> "Nor can a distinction be properly drawn if, instead of being in actual pursuit, the officer is merely on the way to make an arrest, or merely seeking an offender with intent to arrest him when found. It seems to me that it is as much the officer's right, even if not as much his duty, to proceed on his way, or to proceed with his search, as it is to pursue when the offender is in sight and is fleeing."

The key to the application of the statute is set forth in State of Maryland v. Soper (No. 1), 270 U.S. 9, 46 S.Ct. 185, 190, 70 L.Ed. 449, wherein Chief Justice Taft points out that there must be a causal connection between what the officer has done under asserted official authority and the state prosecution, and further commented:

> "It must appear that the prosecution of him for whatever offense has arisen out of the acts done by him under color of federal authority and in enforcement of federal law * * *."

The wisdom of the statute is not for this Court to determine. Reluctant as it is to invade the usual processes of the state courts, or to invite the jurisdiction of this Court for misdemeanors of this type, the statute is mandatory. The original statute enacted in 1833 was occasioned by reason of attempted nullification of

---

2. While not a part of the record, it may be stated that the operators of the distillery had a rather short lease on life. Ten days later they were arrested by the defendant.

national customs revenue laws in South Carolina. During the days of the Civil War this effort was extended to those charged with collecting the internal revenue. Such activities on the part of some states have brought forth the present provisions of 28 U.S.C.A. § 1442. In State of Maryland v. Soper (No. 1), supra, the Court pointed out that the constitutional validity of the section rested on the right and power of the United States to secure the efficient execution of its laws and to prevent interference therewith, due to possible local prejudice, by state prosecutions against federal officers in enforcing such laws, by removal of the prosecutions to a federal court to avoid the effect of such prejudice. State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648. While no such local prejudice does or would exist in the present case, this is not the determining factor.

Holding that the defendant, McFarland, was acting under color of his office when stopped by the police officer in question, the case is properly removed to this Court and the motion for remand is denied, with the right granted to the City of Norfolk and its legal staff to participate in the prosecution of said defendant at the time of the trial on its merits.