**CITY OF NORFOLK, VIRGINIA**
v.
**William T. McFARLAND.**
No. 11–263.

United States District Court
E. D. Virginia, Norfolk Division.
Oct. 29, 1956.

Virgil S. Gore, Jr., Asst. City Atty., Norfolk, Va., for plaintiff.

William F. Davis, Asst. U. S. Atty., Norfolk, Va., for defendant.

HOFFMAN, District Judge.

This is a sequel to the case of City of Norfolk v. McFarland, D.C., 143 F. Supp. 587, which concerned the propriety of the removal of this case from the State to Federal court. The facts are substantially as stated in the prior opinion, the additions being that defendant concedes he was exceeding the speed limit of 25 miles per hour and, while not admitting a speed of 55 miles per hour as charged, defendant is not in a position to deny same. The police officer of the City of Norfolk who issued the summons has stated that traffic was "very light" at the places traversed by defendant at the excessive speed stated.

The City argues that defendant never explained the urgency connected with defendant's official business and limited his remarks to a statement that defendant was en route to pick up some other officers to visit an alleged illegal distillery. While a more complete explanation may have avoided the necessity of the present proceedings, it is not disputed that defendant was proceeding to pick up other law enforcement officers for the purpose of apprehending still operators who were, according to an informant, engaged in the commission of a felony, and whose illegal operations as such were expected to be concluded within a short period of time.

This case presents a median point between Lilly v. State of West Virginia, 4 Cir., 29 F.2d 61, and State of Florida v. Huston, D.C., 283 F. 687. In

the Lilly case indications are that the officer was in pursuit of an alleged criminal. The Huston case is the opposite extreme where a federal officer was returning from an official investigation with no necessity for speed. While it is undoubtedly true that traffic ordinances prescribing rights of way and speed limits are ordinarily binding upon officials of the federal government, as upon all other citizens, such ordinances are not to be construed as applying to public officials engaged in the performance of a public duty where speed is a necessity. At all times the officer must act in good faith and with such prudence, care and caution that an ordinarily prudent man would exercise under similar circumstances, bearing in mind that the officer has a duty to perform. Exoneration from criminal prosecution does not preclude the rights of an individual to institute a civil action for damages in the event of an accident. Thus a remedy may be afforded to the citizen without bringing the federal and state governments into conflict, or without unduly interfering with the operations of that government under whose authority the officer is acting. In re Waite, D.C., 81 F. 359, affirmed Campbell v. Waite, 8 Cir., 88 F. 102; State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648; State of Ohio v. Thomas, 173 U.S. 276, 19 S.Ct. 453, 43 L.Ed. 699; In re Turner, D.C., 119 F. 231.

■ The prosecution relies upon Sec. 27–37 of the Norfolk City Code which specifically exempts police, fire and ambulance vehicles from speed limitations while such vehicles are being operated in emergencies. The ordinance does not refer to *city* police and it was conceded in argument that the essential purpose of same was to limit the civil liability of the city's personnel, thereby presumably reducing insurance rates. Even if the ordinance could be construed as applying only to city police, the same would be void for unreasonableness under Lilly v. State of West Virginia, supra.

■ In the final analysis, the determining factor appears to be one of balancing the interests as the circumstances then appeared. Proceeding at a speed of 55 miles per hour under congested traffic conditions could be tantamount to a violation of the law depending upon the urgency existing. As a general principle of law an officer should not be too strictly limited as to what he may do in carrying out the duty imposed upon him. United States v. Folk, 4 Cir., 199 F.2d 889; Commonwealth of Virginia v. De-Hart, C.C., 119 F. 626, referred to in this Court's prior opinion on the removal question.

■■ Bearing in mind that the defendant is entitled to the presumption of innocence which must be rebutted by evidence of guilt proven beyond a reasonable doubt, it cannot be said in this case that the defendant acted beyond the scope of his authority in traversing the streets of the City of Norfolk at a speed of 55 miles per hour under traffic conditions which were admittedly very light. The speed laws are not applicable under such circumstances until existing conditions outweigh the necessity for accomplishing the officer's duties imposed upon him by law. To hold otherwise would seriously hamper law enforcement officers in protecting our citizens who are just as much interested in seeing violators of federal laws apprehended as those who may violate state or local laws.

The defendant is accordingly found not guilty.