# Carriage of Firearms by the Marshal, Deputy Marshals, and Judges of the Customs Court

The Marshal and Deputy Marshals of the Customs Court are not authorized by 18 U.S.C. § 3053 to carry firearms.

Neither the official duties of the Marshal, as described by 28 U.S.C. § 872 and Rule 19 of the Rules of the Customs Court, nor the official duties of the Judges of the Customs Court would appear to necessitate the carriage of firearms.

If the Customs Court finds it necessary to rely solely on its Marshal to police its quarters, it would probably have inherent authority to authorize the Marshal and Deputies to carry arms; however, there would be no basis for assuming inherent authority in the Court to authorize possession of arms by its Judges.

A state could not constitutionally require a federal official whose duties necessitate carrying firearms to obtain a firearms license.

October 3, 1967

MEMORANDUM OPINION FOR THE
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

This is in response to your request for an informal opinion concerning three questions on the carriage of firearms by Judges and Marshals of the Customs Court, forwarded to you by Mr. Vance, the chief of the Customs Section. The questions, which we understand were raised by the Customs Court itself, are as follows:

> 1. Are the Marshal and Deputy Marshals of the Customs Court within the authorization of 18 U.S.C. § 3053 to carry firearms?

> 2. Would possession of firearms by the Judges, Marshal, and Deputy Marshals of the Customs Court be deemed to be in pursuit of their official duties?

> 3. Does the Customs Court have power to issue orders authorizing the possession of firearms by its Judges, Marshal, or Deputy Marshals?

In addition, a related question has been raised indirectly concerning the propriety of subjecting federal officials to state or local licensing requirements involving firearms.

In general, our responses to the three questions posed directly are:

> 1. Section 3053 does not apply to the Marshal and Deputy Marshals of the Customs Court.

2. The duties of the Marshal, as described by 28 U.S.C. § 872 and Rule 19 of the Rules of the Customs Court, would not appear to necessitate carrying firearms as part of official duties. However, if responsibility for the physical protection of the Court is, in fact, part of their duties, the Marshal and Deputies might be considered inherently authorized to carry arms, despite the absence of express statutory authorization. On the other hand, we see no reasonable basis for concluding that carriage of firearms is necessary to carry out the official duties of Judges of the Customs Court.

3. If the Court finds it necessary to rely solely on its Marshal to police its quarters, it would probably have authority to authorize the Marshal and Deputies to carry arms. But, in our view, there would be no basis for assuming inherent authority in the Court to authorize possession of arms by its Judges.

The question of the applicability of state firearms licensing laws to federal officials involves both issues of constitutional law and policy considerations. Where federal law expressly authorizes the carrying of arms or where carrying arms is essential to the performance of a federal function, any attempt to require officials to obtain state licenses would almost certainly be unconstitutional. On the other hand, the Administration has, for several years, proposed legislation to reinforce local firearms restrictions and encourage further limitations on traffic in firearms. As a matter of policy, it would seem inappropriate to demand exemption from state firearms restrictions in any but the obviously necessary circumstances or to encourage noncompliance on the part of federal officials with such state laws.

A detailed discussion of these points follows.

## I. Application of 18 U.S.C. § 3053

The language of 18 U.S.C. § 3053 expressly authorizes "United States marshals and their deputies" to carry firearms. It would appear that the quoted words refer to the United States Marshals appointed by the President with the advice and consent of the Senate pursuant to 28 U.S.C. § 561 and the Deputies appointed pursuant to 28 U.S.C. § 562. These are the officers ordinarily referred to as United States Marshals and Deputies. Other special marshals appointed by, and solely responsible to, the Judicial Branch are normally designated by the court which they serve, e.g., the Marshal of the Supreme Court, the Marshal of the United States Court of Appeals for the District of Columbia, the Marshal of the Customs Court. Indeed, Rule 19 of the Rules of the Customs Court refers to its Marshal and United States Marshals in terms which reflect the distinction between them.

The United States Marshals, while serving as officers of the courts to which they are assigned, are likewise law enforcement officers of the Executive Branch. They are regularly responsible for delivering convicted persons to prison and have been called upon to protect individuals against armed attack. They are authorized to arrest persons violating the laws of the United States and it is in connection with this authorization that the permission to carry firearms is granted by 18 U.S.C. § 3053. Accordingly, it would appear that 18 U.S.C. § 3053 is intended to apply only to the United States Marshals and Deputies who serve as law enforcement officers of the executive branch and would not cover the Marshal of the Customs Court, who is solely an officer of that court.

## II. Relationship of Firearms to the Official Duties of the Court and Its Marshal

As outlined in 28 U.S.C. § 872 and Rule 19 of the Customs Court, the duties of the Marshal are to attend the Court, serve and execute its process and orders, disburse funds, take charge of transportation requests, notify the appropriate United States Marshal of the time and place of sessions when the Court is on circuit, and perform such other duties as may be assigned by the Court. These would not appear to be law enforcement duties of the type which would necessarily require the carrying of firearms. It is true that process serving may, at times, become hazardous. Yet federal law does not authorize the carrying of firearms by every person authorized to serve process under Rules 4 and 45 of the Federal Rules of Civil Procedure or to serve summons or subpoenas under Rules 4 and 17 of the Federal Rules of Criminal Procedure. Carrying firearms would not appear to a necessary element of process serving or of any of the other specific duties of the Marshal of the Customs Court.

On the other hand, if the Marshal and his Deputies are assigned official duties of a protective or law enforcement nature, carrying firearms could be a necessary element of those duties. For example, the special police assigned by the General Services Administration ("GSA") to protect public buildings pursuant to 40 U.S.C. § 318 carry firearms, and GSA is expressly authorized to furnish the arms and ammunition to them (40 U.S.C. § 490(a)(2)). The White House Police (3 U.S.C. § 202), the Capitol Police (40 U.S.C. § 210), and the Smithsonian Guards (40 U.S.C. § 193t) are authorized, either directly or indirectly, to carry arms. The Supreme Court Police, although not expressly authorized to carry arms by statue (*see* 40 U.S.C. §§ 13f, 13n), do in fact carry firearms while engaged in the duty of protecting the Court and court building. Policing duties of this type ordinarily involve carrying firearms and if the Marshal of the Customs Court is required to perform such functions, then, we believe carrying firearms might be said to be a part of his official duties.

In general terms, the official duty of the Judges of the Customs Court is to hear and determine matters involving the customs laws. This is, of course, a judicial

function. It does not involve policing or law enforcement in the commonly understood meaning of those terms. In our view, there would be little, if any, basis for asserting that the carrying of firearms is a necessary or normal element in the performance of the official duty of the Judges of the Customs Court. Federal laws do not specifically authorize the carrying of firearms by any federal judges and, in modern times at least, we know of no proposal that the carriage of arms be considered a normal element of federal judicial office.

Undoubtedly there may be instances in which a federal judge requires the protection of arms and these instances may be directly related to the performances of his official duties. However, it seems to us that the need for such protection, while perhaps incidental to the judicial office, is not a basic element of the office itself. Carrying a gun, even for self-protection, is not, it seems to us, part of the official duties of a federal judge. Accordingly, unless there are some special duties of the Customs Court necessitating firearms of which we are unaware, carrying a gun would not appear to involve the performance of an official duty on the part of a judge of that court.

### III. Power of the Customs Court to Authorize Firearms

The statutes relating to the Customs Court authorize it to assign the powers and duties of its Marshal (28 U.S.C. § 872), and to exercise the same powers as a district court with respect to preserving order (28 U.S.C. § 1581). Taken together, these provisions might be used as a basis for authorizing the Marshal and his Deputies to carry firearms, if it could be established that carrying arms is reasonably related to the protection of the Court in the performance of its duties. Moreover, a good argument could be made to support the view that a court has inherent power to take any necessary and proper action to police and protect its quarters and need not have any statutory basis for taking such action.

It must be noted that the authority to carry arms has ordinarily been granted expressly by statute, even with respect to those whose need to carry guns seems obvious: e.g., FBI agents (18 U.S.C. § 3052), and prison employees (18 U.S.C. § 3050). Where express statutory authority is lacking, however, regulations have authorized the carrying of firearms, *see, e.g.*, 19 C.F.R. § 23.33(c) (1967), which authorizes customs officers to carry firearms and cites 19 U.S.C. § 1581, which imposes law enforcement duties on customs officers. The validity of such a regulation does not appear to have been questioned.

It is our view that if the Marshal and Deputy Marshals of the Customs Court are assigned policing or law enforcement duties, the Court would probably have authority to authorize them to carry arms. As a practical matter, however, we see no need for policing duties to be imposed on the Marshal or his Deputies. In general, the obligation to provide guard service and armed protection for federal agencies, including courts, throughout the country is imposed on the General Services Administration. 40 U.S.C. §§ 285, 318. Of course, where the federal

agency is quartered in a building under state, municipal or private ownership it is sometimes necessary to make other arrangements. But it seems to us that arrangements for policing the present or the future quarters of the Customs Court should be handled through GSA rather than by the Court itself.

Enforcement of the orders and contempt authority of the Court might, of course, require arms depending upon the circumstances. However we do not have sufficient facts to indicate whether this presents a real problem and necessitates an order or regulation authorizing the carriage of firearms by the Marshal and his Deputies.

With respect to the Judges of the Customs Court, we are not aware of any reasonable basis for the court to authorize by regulation the carrying of firearms. As noted above, this does not appear to be related to the performance of the judicial office.

## IV. Compliance with State Law

It may be stated as a general principle that a state may not impose restrictions on the federal government or its officers in connection with official government business. In *Johnson v. Maryland*, 254 U.S. 51 (1920), the Supreme Court held that the state could not impose license requirements on federal employees driving Post Office trucks. The Court concluded that the licensing requirement would be an impermissible burden on the performance of a federal function. *Id.* at 57. Similarly, it has been held that an internal revenue officer on his way to make an arrest could not be convicted of speeding in violation of local laws when speed was necessary to the performance of his duty. *City of Norfolk v. McFarland*, 145 F. Supp. 258 (E.D. Va. 1956).

On the other hand, the Court noted in *Johnson* that federal officers and employees are not immune from all state laws and that state law must be complied with unless there is a superseding federal law or the state law interferes with the performance of a federal function. 254 U.S. at 56–57.

With respect to the carriage of firearms, it seems clear, although there appear to be no federal court decisions directly in point, that a state could not constitutionally require a license of a person authorized by federal law to carry a firearm. Nor, in our opinion, could a license be required of a federal official whose duties necessitate carrying arms, even if there is no express federal statute authorizing arms. It seems equally clear, however, that employment by the federal government, in and of itself, does not automatically exempt a federal officer or employee from state licensing requirements respecting firearms.

As a matter of policy, it is our view that the federal government should not insist upon or request exemption from state firearms laws except in those instances where it is obviously necessary. The Administration, and particularly the Departments of Treasury and Justice, have urged stricter controls on interstate traffic in firearms, federal support and assistance in the enforcement of state laws on

firearms, and stronger state laws on the subject. It would be inconsistent with the publicly announced policy on gun controls to urge any broader exemption from state law with respect to federal officers and employees than is necessary to carry out the functions of the federal government.

FRANK M. WOZENCRAFT
*Assistant Attorney General*
*Office of Legal Counsel*