STATE OF DELAWARE *v.* EMERSON and others.

(*Circuit Court, D. Delaware.*   June 22, 1881.)

1. CRIMINAL LAW—FEDERAL OFFICERS—REMOVAL OF CASES—REV. ST. § 643—PARTIES.

   The state authorities are the proper parties to continue the prosecution of officers of the United States, against whom a prosecution was commenced in a state court for an act done under the provisions of title 26, "The Elective Franchise," of the Revised Statutes, and removed by them, under the provisions of section 643 of the same statutes, to the circuit court of the United States.

2. DUTIES OF UNITED STATES ATTORNEYS.

   It is the duty of the attorneys of the United States to act as counsel for such defendants.

3. REV. ST. § 643, CONSTRUED.

   Section 643 of the Revised Statutes contemplates a change of tribunal, not of prosecuting officers.

BRADFORD, D. J.   Arthur Emerson, Artemas Wilhelm, William J. Blackburn, John Blackburn, Jacob B. Smith, and Samuel Coyle were indicted at the November term of the "general sessions of the peace and jail delivery" of Delaware, sitting in and for New Castle county, for resisting certain special state officers appointed to keep the peace at an election for a representative in congress of the United States of America.   Indictments were framed by the attorney general of the state, and true bills found by the grand jury of the state.   These defendants were deputy marshals of the United States, authorized to act under the provisions of the Revised Statutes to be found in section 2022, p. 556, (2d Ed.) Rev. St.   Under the provisions of the said Revised Statutes, § 643, they were entitled to have their suits or cases transferred for arbitrament and final decision from the courts where the indictments were pending to the circuit court of the United States, and accordingly the requisite steps were taken by the United States attorney to accomplish that result.   The said suits being thus transferred, and the defendants ready with their witnesses to proceed to trial, demanded (on motion by the United States attorney) that these cases be called, and either be proceeded with or that they be dismissed.   The state of Delaware declined to take any part in the trial, and no authorized person appeared on behalf of the state.

The United States attorney had no right or power to prosecute the pleas of the state, and not only so, but he considered himself counsel for these defendants; and he did this on a careful construction of the statute, of its meaning, spirit, and purposes, and was so directed to consider himself their counsel by the attorney general of the United

States. In these views the court concurred with the United States attorney, and on his motion ordered a jury to be empanelled to give a verdict in the case. The court considered, and so said, that these defendants were entitled to a trial—to a verdict of guilty or not guilty; that it was unjust to deny them that right because the state of Delaware did not choose to prosecute these suits in the United States courts to which they had been transferred, and they were not to be damnified by indifference or neglect, or delay in the state authorities in prosecuting suits which they were authorized by act of congress to prosecute if they desired to do so. It was the change of tribunal and not the change of prosecuting officers which was contemplated by act of congress. Let this be as it may, however, the defendants had a right to the verdict of a jury. When the jury was empanelled the court again demanded to know if any one authorized by the state was here now to prosecute these charges against the defendants, and receiving no reply the jury was empanelled and sworn in the several cases.

The court then explained the circumstances of the cases, and directed the jury to render a verdict of acquittal. The verdicts of acquittal were rendered accordingly, and thus were terminated the cases transferred from the state to the United States courts under section 643 of the Revised Statutes.