# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

### LAWRENCE v. NORTON and others.

*(Circuit Court, N. D. Texas. 1882.)*

1. REMOVAL OF CAUSE—QUESTIONS ARISING UNDER UNITED STATES LAWS.

Where the petition of the plaintiff presents a question which arises under the laws of the United States, the cause is removable under section 2 of the act of March 3, 1875, without regard to the citizenship of the parties.

2. SAME—CONDITION IN MARSHAL'S BOND—SECTION 783, REV. ST.

Where the condition of a marshal's official bond is in strict conformity with the condition prescribed by section 783 of the Revised Statutes, and the exceptions filed raise the question of what is the proper construction of the condition, and the construction of the language of the section is brought in question, the cause is removable.

Heard on Motion to Remand.

The Revised Statutes of the United States, § 783, require that every marshal, before he enters upon the duties of his office, shall give bond, with two good and sufficient sureties, for the faithful performance of said duties by himself and his deputies.

In pursuance of this statute, A. Banning Norton, one of the defendants, having been nominated and appointed marshal of the United States for the northern district of Texas, executed his official bond, dated May 1, 1879, in the penalty of $20,000, with the other defendants as sureties, conditioned as required by the statute. During Norton's term of office, Lawrence, the plaintiff in this action, brought suit in the district court of Kaufman county, Texas, against

v.13,no.1—1

Norton and his sureties, on the official bond of the former. He alleged, in his petition, the appointment of Norton as marshal; the execution by him and his sureties of the official bond sued on, and then averred that Norton, acting by his deputy, Robert Clarke, by virtue of a writ of attachment against the goods and chattels of one Samuel W. Wallace, issued out of the United States circuit court for the northern district of Texas, in a cause pending therein, in which Naumberg, Kraus, Lauer & Co. were plaintiffs, and said Samuel W. Wallace was defendant, had unlawfully levied upon and seized certain goods, the property of plaintiff and in his rightful possession, and had deprived the plaintiff of the possession and use thereof; that by reason of said unlawful acts of Norton, and Clarke, his deputy, the condition of said bond had been broken, and an action had accrued to the plaintiff on said bond against Norton and his securities thereon. He therefore prayed judgment against the defendants for the sum of $10,000. Both the plaintiff and the defendants were citizens of the state of Texas.

The defendants excepted to the petition on the following grounds, among others:

(1) Because the sureties on the marshal's bond were joined as defendants, the petition not showing in what way they were liable, or that they had in any manner aided the marshal, or his deputy, in committing the trespasses set out in the petition. (2) Because the petition averred that said alleged trespasses were committed by Clarke, the lawful deputy of the marshal, and alleged that the defendants were liable for the acts of the deputy marshal in seizing and taking possession of said goods.

After the filing of their exceptions, and within the time prescribed by the statute, the defendants filed a petition for the removal of the cause to the United States circuit court for the northern district of Texas, Kaufman county, where the action was commenced, lying within that district. The state court made an order for the removal of the case, and defendants in due time filed a transcript of the record in the United States circuit court. Thereupon the plaintiff moved the court to remand the cause to the state court.

*Olin Wellborn, W. W. Leake,* and *John L. Henry,* for the motion.

*W. L. Crawford, M. L. Crawford,* and *L. F. Smith, contra.*

Woods, Justice. The motion to remand must be overruled. It is clear that by the exceptions filed to the petition of the plaintiff a question is presented which arises under the laws of the United States, and consequently that under section 2 of the act of March 3, 1875, (Supp. to the U. S. Rev. St. vol. 1, p. 174,) the cause is remov-

able without regard to the citizenship of the parties. The condition of the bond sued on is in strict conformity with the condition prescribed by section 783 of the United States Revised Statutes. The exceptions filed raise the question, what is the proper construction of the condition, and consequently what is the proper construction of section 783? The court, in passing upon the exceptions, is required to decide what is meant by the words, "the faithful performance of said duties by himself and his deputies," as used in section 783, and to declare whether the acts complained of in the petition are or are not a violation of the condition of the bond prescribed by the statute.

There can, therefore, be no doubt that the case is a removable one, and that the motion to remand should be overruled.

NOTE. See *Jackson* v. *Simonton*, 4 Cranch, C. C. 255; *Killpatrick* v. *Frost*, 2 Grant, 168.