## *In re* MARSH.

*(District Court, S. D. California. July 5, 1892.)*

1. FEDERAL COURTS—JURISDICTION—HABEAS CORPUS—UNITED STATES MARSHALS.
   On petition for a writ of *habeas corpus* to release a United States marshal from custody under state process the court cannot inquire into the truth or justice of the charges against him, but is limited to the question whether his alleged unlawful acts were done in pursuance of a law of the United States.

2. SAME.
   A federal court cannot release by *habeas corpus* a United States marshal held in custody under state process on the charge of kidnapping and carrying into Mexico a person named, though the marshal claimed to have been executing the law against the immigration of Chinese; for there is no law of the United States which would authorize such an act.

Petition of A. W. Marsh, by George E. Gard in his behalf, for a writ of *habeas corpus.* Denied.

*James L. Copeland* and *C. C. Stephens,* for petitioner.

Ross, District Judge. The petition for the writ sets forth that Marsh is illegally restrained of his liberty in this judicial district by the sheriff of San Diego county under and by virtue of an order made on the 6th day of June, 1892, by W. A. SLOANE, as justice of the peace for San Diego township, in San Diego county, Cal., holding the said Marsh, together with one Smallcomb, to answer before the superior court of that county for the crime of kidnapping, and admitting them to bail in the sum of $1,000 each. The proceeding in which the order was made was instituted on the 11th day of April, 1892, by the filing, pursuant to the provisions of a statute of California, of an affidavit by one Edward Crosthwaite, in which it was averred that on the 29th of January, 1891, Smallcomb, Marsh, and one Cruz, at Tia Juana, in San Diego county, Cal., "did willfully and feloniously forcibly steal and take affiant and carry him into another country, to wit, the republic of Mexico, without having first established a claim so to do according to the laws of the United States or of the state of California," contrary to the provisions of the state statute. Upon the filing of the affidavit a warrant was issued for the arrest of the parties against whom the charge was thus preferred, and, the matter coming on for hearing before the justice of the peace, testimony was taken, upon which the order holding them to answer was based. A copy of that testimony is annexed

to and made a part of the petition for the writ, but for what purpose it is difficult to understand, since its sufficiency as a basis for the order is a question with which this court has nothing to do. The petition avers that at all the times mentioned therein George E. Gard was, and still is, the duly-appointed, qualified, and acting marshal for this judicial district, and that at all of the said times, Marsh was, and still is, one of his duly-appointed, qualified, and acting deputies; that in order to enforce the provisions of the act of congress known as the "Chinese Exclusion Act," and prevent Chinese from unlawfully entering the United States by crossing the line between this country and the republic of Mexico, Marsh was for some time stationed by the marshal on the American side of the line at Tia Juana in San Diego county, through which village the line between the two countries passes; that after investigation Marsh reported to the marshal that a large number of Chinese were crossing the line and entering the United States contrary to law by the aid of the aforesaid Edward Crosthwaite, who, in order to conceal his acts and purposes in that behalf, pretended to be engaged in importing cattle and other stock from Mexico into the United States; that the marshal, becoming satisfied of the truth of these representations, directed Marsh to enforce the laws of congress in respect to the exclusion of Chinese, as well as to the payment of duties upon imported stock, and directed him to apply to the district attorney for further instructions. The instructions of the then district attorney, Mr. Cole, given upon said application, are annexed to and made a part of the petition in the form of an affidavit, and are as follows:

"W. Cole, Esq., being duly sworn, deposes and says that he is an attorney at law; that heretofore, during the years of 1890 and 1891, he held the position of United States attorney for the southern district of California; that during the latter part of the year 1890, he was consulted officially by Deputy United States Marshal A. W. Marsh in regard to one Crosthwaite bringing stolen cattle into the United States from Baja, California, (Mr. Marsh being then stationed on the line between the United States and Baja, California, for the purpose of enforcing the Chinese exclusion act.) At the instance of Mr. Marsh, affiant made a careful examination of the federal statutes, and found that, owing to the fact, as affiant was informed by Mr. Marsh, that Crosthwaite had paid the duty on the stolen cattle, no criminal complaint could be filed charging Crosthwaite with any offense under the federal statutes. Affiant therefore so advised Mr. Marsh, and informed him that, if prosecuted at all, Crosthwaite would have to be prosecuted in the state courts."

The petition for the writ avers that the proceeding instituted against Marsh in the court of the justice of the peace of San Diego township was solely for the purpose of obstructing the enforcement of the laws of the United States, and of crippling the administration of justice in this judicial district; that the aforesaid justice of the peace, together with F. J. Monahan, James Russell, Edward Crosthwaite, Johnson Jones, and J. E. Deakin, conspired to that end, and in the aforesaid examination of Marsh and Smallcomb before the justice's court of San Diego township caused false testimony to be given, and facts to be withheld,

and subsequently caused an information to be filed by the district attorney of San Diego county in the superior court of that county against Marsh and Smallcomb charging them with the commission of the crime for which they had been held to answer by the justice of the peace; and on the 15th of June, 1892, caused an indictment to be found by the grand jury of the county against Marsh, Smallcomb, and certain other parties, charging them with having unlawfully conspired to attempt fraudulently to induce one Charles Oberlander to give false testimony in the aforesaid criminal proceeding before the justice of the peace; and that to the information, as well as to the indictment, Marsh, although denying the jurisdiction of the state court, has been required to appear and plead. Annexed to and made a part of the petition are also a number of other affidavits, the purpose of which is to show that the aforesaid proceedings against Marsh were the result of an unlawful combination, and without any foundation in truth or justice. But these are questions that this court cannot consider; nor can it be doubted that, if the facts be as claimed by the petitioner, the courts of the state will deal with the guilty parties as law and justice demand. It is not for this court to say what, if any, laws of the state have been violated, or to determine whether the testimony taken before the committing magistrate justified the order holding Marsh to answer the charge of having violated a state statute. The one inquiry here to be made is whether or not the alleged acts of Marsh charged as a violation of the state laws were done "in pursuance of a law of the United States." Rev. St. § 753. If so, such acts could not constitute a crime under any law of the state because authorized by a superior and controlling power. But if the alleged acts of Marsh were not committed in pursuance of a law of the United States, the question is between the petitioner and the state, and this court is without power or jurisdiction in the premises. The real question, therefore, is whether the acts charged against Marsh in the proceedings in the state court were committed in pursuance of a law of the United States; and that question admits of but one answer, and that in the negative. Neither the enforcement of the laws of congress for the exclusion of the Chinese from the United States, nor the laws against smuggling cattle and other stock into this country from foreign countries, in any respect authorized or justified the felonious or forcible taking of the person engaged in violating the laws of the United States from the United States into a foreign country. It is for such alleged felonious and forcible taking of Crosthwaite from the United States into Mexico, contrary to the provisions of a statute of the state of California, that Marsh is, according to the averments of the petition, restrained of his liberty; which act, if committed, was not, and could not have been, done in pursuance of any law of the United States. The petition must therefore be denied; and it is so ordered.