GAY, RECEIVER, *v.* RUFF.

No. 663. Argued February 12, 13, 1934.—Decided April 2, 1934.

*Mr. Archibald B. Lovett,* with whom *Mr. Robert M. Hitch* was on the brief, for petitioner.

*Mr. Thomas W. Hardwick* for respondent.

By leave of Court, *Messrs. W. R. C. Cocke* and *James F. Wright* filed a brief on behalf of the Receivers of the Seaboard Air Line Railway Company, as *amici curiae.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Ruff brought in a state court of Georgia this suit against Gay, as receiver of the Savannah & Atlanta Railway, appointed by the federal court for southern Georgia sitting in equity. The cause of action alleged is the homicide of plaintiff's minor son as a result of the negligent operation of a train by employees of the receiver. Before trial in the state court, the receiver duly filed in the appropriate federal court a petition for removal and certiorari, under the amendment made by Act of August 23, 1916, c. 399, 39 Stat. 532 to Judicial Code § 33, which inserted therein the clause:

" or against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer." [1]

The federal court denied a motion to remand, 3 F. Supp. 264; and thereafter dismissed the suit, entering a

---

[1] The section as so amended reads: " When any civil suit or criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, or is commenced against any person holding property or estate by title derived from any such officer and affects the validity of any such revenue law, or against *any officer of the courts of the United States for or on account of, any act done under color of his office or in the performance of his duties as such officer,* or when any civil suit or criminal prosecution is commenced against any person for or on account of anything done by him while an officer of either House of Congress in the discharge of his official duty in executing any order of such House, the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court in the following manner: " . [The amendment of 1916 is indicated by the italics.]

final judgment for want of prosecution. The Circuit Court of Appeals for the Fifth Circuit reversed that judgment, with direction to set aside the dismissal and remand the cause to the state court. 67 F. (2d) 684. Because of conflict of decisions,[2] certiorari was granted to determine whether the amendment to Judicial Code § 33 authorizes a receiver of a railroad appointed by a federal court sitting in equity to remove from a state court an action brought against him as receiver for damages resulting from the negligent operation of a train by his employees.

*First.* The respondent raises the preliminary question whether this Court has jurisdiction to review the action of the Circuit Court of Appeals. The contention is that this Court lacks jurisdiction to review a judgment directing the remand to a state court, because Judicial Code § 28, declares:

" Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed: . . ."[3]

---

[2] *Newell* v. *Byram*, 26 F. (2d) 200, 202 (C.C.A. 8th); and following cases in district courts: *Matarazzo* v. *Hustis*, 256 Fed. 882, 887 (N.D.N.Y.); *American Locomotive Co.* v. *Histed*, 18 F. (2d) 656 (W.D.Mo.); *Berens* v. *Byram*, 26 F. (2d) 953 (D.So.Dak.); *Elliott* v. *Wheelock*, 34 F. (2d) 213. Compare *Jones* v. *McGill*, 46 F. (2d) 334 (D.N.H.); *Snider* v. *Sand Springs Ry.*, 62 F. (2d) 635, 636 (C.C.A. 10th); *Knapp* v. *Byram*, 21 F. (2d) 226 (D.Minn.). See also *Barnette* v. *Wells Fargo Bank*, 270 U.S. 438, 441.

[3] Prior to the Act of March 3, 1875, c. 137, § 5, 18 Stat. 470, 472, an order of the circuit court remanding a cause to the state court could not be reviewed by this court on appeal or writ of error because it was not a final judgment; but it could be reviewed by mandamus. *Chicago & Alton R. Co.* v. *Wiswall*, 23 Wall. 507. By the Act of

This provision, enacted in 1887, was broadly construed by this Court as prohibiting review of an order of remand, directly or indirectly, by any proceeding. The prohibition was applied to appeals from, and writs of error to, the federal circuit [and later district] court; to writs of error to a state court after final judgment there; and to mandamus in this Court.[4] In *German National Bank* v. *Speckert,* 181 U.S. 405, 409, where the trial court had refused to remand the case to the state court and the Circuit Court of Appeals had reversed that judgment and ordered a remand, this Court held that it was without jurisdiction to review the latter's action. While adverting in support of its conclusion to the broad construction which had been given to the above-quoted prohibition, the Court ruled there that the fact that an order of remand is not a final judgment precluded its review by writ of error.[5]

---

1875, express provision was made to review the remand by appeal or writ of error. That provision was repealed by Act of March 3, 1887, c. 373, § 2, 24 Stat. 552, 553 (corrected by Act of August 13, 1888, c. 866, § 2, 25 Stat. 433, 435), which enacted the provision embodied in Judicial Code § 28.

[4] *Morey* v. *Lockhart,* 123 U.S. 56, 58; *In re Pennsylvania Co.,* 137 U.S. 451; *McLaughlin Bros.* v. *Hallowell,* 228 U.S. 278; *Yankaus* v. *Feltenstein,* 244 U.S. 127; *Ex parte Matthew Addy S.S. Corp.,* 256 U.S. 417. Compare *Pickwick-Greyhound Lines, Inc.* v. *Shattuck,* 61 F. (2d) 485.

[5] The contention made that the prohibition in § 28 does not extend to cases under § 33, because of the saving clause in § 5 of the Acts of 1887 and 1888, appears to be unfounded. See *Cole* v. *Garland,* 107 Fed. 759; dismissed on appeal, 183 U.S. 693. Compare *Kentucky* v. *Powers,* 139 Fed. 452. Moreover, the saving clause of § 5 of the Acts of 1887 and 1888 was in terms applicable to Revised Statutes §§ 641, 642, 643; and those sections were repealed expressly by the Judicial Code. Their substance was carried into §§ 31, 32, 33, respectively, of the Judicial Code; but § 5, though not expressly repealed, was nowhere carried into the Judicial Code. See, also, Index of Federal Statutes (1934), p. 1297, Footnote 44, which states

But by reason of the extensive power to issue writs of certiorari which the Circuit Court of Appeals Act of 1891 [6] thereafter gave to this Court, it may now review the action of the circuit court of appeals in directing the remand of a cause to the state court. That Act provided that in any case in which the judgment of the circuit court of appeals is made final, " it shall be competent for the Supreme Court to require, by certiorari or otherwise, any such case to be certified to the Supreme Court for its review and determination with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court." In *Forsyth* v. *Hammond*, 166 U.S. 506, 512, it was held that the power given was unaffected by the condition of the case as it exists in the circuit court of appeals; that the power may be exercised before, as well as after, any decision by that court and irrespective of any ruling or determination therein; and that the sole essential of this Court's jurisdiction to review is that there be a case pending in the circuit court of appeals. The jurisdiction to review interlocutory orders was exercised in *American Construction Co.* v. *Jacksonville, T. & K. W. Ry. Co.*, 148 U.S. 372; *Denver* v. *New York Trust Co.*, 229 U.S. 123, 133; *Spiller* v. *Atchison, T. & S. F. Ry. Co.*, 253 U.S. 117, 121; and *Du Pont Powder Co.* v. *Masland*, 244 U.S. 100. And in *The Three Friends*, 166 U.S. 1, 49, it was held that this Court could review a case pending in, and not yet decided by, the circuit court of appeals, with the same power and authority as if it had been carried here by appeal or writ of error " that is, as if it had been brought directly from the District or Circuit Court." In *Chicago, B. & Q. Ry. Co.* v. *Willard*, 220 U.S. 413, decided under the

---

that by reason of the express repeal of §§ 1–4, 6, 7, of the Act of 1887 by the Judicial Code, " Sec. 5 can have no force independent of the remainder of the act."

[6] March 3, 1891, c. 517, § 6, 26 Stat. 826, 828.

Act of 1891, this Court, without questioning its power, reviewed the judgment of the circuit court of appeals reversing a judgment of dismissal and ordering a remand. Nor has the existence of the power been questioned by the Court since.[7]

*Second.* The contention that the removal is authorized rests upon the amendment made by the Act of 1916 to Judicial Code § 33. The argument for removal is that, since the receiver is an " officer " of the federal court and an action for damages resulting from the negligent operation of a train by his employees is a suit " for or on account of" an "act done in the performance of his duties as such officer," the removal here in question is directed in such plain words that there is no room for any other construction of the statute. But the amendment may not be isolated from its context. It must be read in the light of the then existing provisions of § 33; of the then existing statute conferring the right to bring in a state court suits against receivers; of the statute denying removal from state to federal courts of a large class of cases similar in character to that before us; and of other legislation restricting the jurisdiction of federal trial courts. When the clause is so read, there arises at least a doubt whether Congress intended to give to the words inserted in § 33 the comprehensive meaning attributed to them. That doubt makes it appropriate to examine the history of the amendment, *Binns* v. *United States,* 194 U.S. 486, 495; *United States* v. *St. Paul, M. & M. Ry.,* 247 U.S. 310, 318. And such examination makes it clear that Congress did not authorize the removal of this case.

---

[7] The Act of February 13, 1925, c. 229, § 1, 43 Stat. 938, amending § 240 (a) of the Judicial Code, gives in terms the power to review by writ of certiorari " either before or after a judgment or decree " of the lower court, " with the same power and authority and with like effect, as if the cause had been brought there by unrestricted writ of error or appeal."

Judicial Code § 33 enables a defendant in a state court to remove the case before trial or final hearing there, and thus secure an adjudication by a federal court of first instance of the issues of fact as well as law involved in his justification under the federal statutes. *Tennessee* v. *Davis*, 100 U.S. 257, 263. The origin of that section is § 3 of the " Force Act," March 2, 1833, c. 57, 4 Stat. 632, 633—the nation's reply to South Carolina's threat of " nullification." The purpose of the Force Act was to prevent paralysis of operations of the federal government. The special aim of § 3 was to protect those engaged in the enforcement of the federal revenue law from attack by means of prosecutions and suits in a state court for violation of state law. This removal provision was extended by Act of March 3, 1875, c. 130, § 8, 18 Stat. 371, 401, to suits against " any person for or on account of anything done by him while an officer of either House of Congress in the discharge of his official duty in executing any order of such House." These provisions only are embodied in Judicial Code § 33.[8] The scope of the section was thus

---

[8] There had been several other acts amending § 3 of the Force Act and § 643 of the Revised Statutes which embodied it. While § 3 of the Act of 1833 provided in terms for removal where the suit is against " any officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof," the title of the Act referred only to collection of duties on imports. Doubtless for this reason, it was deemed desirable in the Internal Revenue Act of June 30, 1864, c. 173, § 50, 13 Stat. 241, to extend the operation of the 1833 Act in terms to internal revenue officers and those acting under the internal revenue laws. Compare *Hornthall* v. *Collector*, 9 Wall. 560, 561. By Act of July 13, 1866, c. 184, § 68, 14 Stat. 98, 171, that provision was repealed; and by § 67 of the same Act this removal provision was made available to any officer acting under the internal revenue laws or " against any person acting under or by authority of such officer." By Act of February 28, 1871, c. 99, § 16, 16 Stat. 433, 438, the provision was extended to those engaged in enforcing laws for the protection of the elective franchise. In Revised Statutes § 643 this

limited to cases arising out of the enforcement of the revenue laws or of some order of either House of Congress. And it applied in those cases only when the person defending caused it to appear that his defense was that in doing the acts charged he was doing no more than his duty under those laws or orders.[9]

To appreciate the exceptional character of the removal privilege conferred by § 33, that section should be compared with § 28. Of the two, § 33 alone provides for removal of a criminal case. Removal of civil causes is provided for in both § 33 and § 28 of the Judicial Code. But the civil cases to which § 33 is applicable are few, while § 28 applies to many. Under the latter, any officer of a federal court can remove a suit brought against him on account of any act done under color of his office or in the performance of his duties as such officer, because § 28 applies to " any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, . . . of which the district courts of the United States are given original jurisdiction." But in order to avail of the removal privilege conferred by § 28 in respect of a suit arising under the Constitution or laws of the United States, the facts showing that the suit is of

provision appears; but by Act of February 8, 1894, c. 25, 28 Stat. 36, most of Title XXVI of the Revised Statutes relating to elective franchises was repealed and with it that part of § 643 relating to the elective franchise.

It was held in *Maryland* v. *Soper* (*No. 1*), 270 U.S. 9, that by the National Prohibition Act, October 28, 1919, c. 85, Title II, § 28, 41 Stat. 316, this removal provision was extended to prohibition officers or agents engaged in the enforcement of that act. See also *Colorado* v. *Symes*, 286 U.S. 510, 517.

[9] *Maryland* v. *Soper* (*No. 1*), 270 U.S. 9, 34; *Maryland* v. *Soper* (*No. 2*), 270 U.S. 36; *Salem & L. Co.* v. *Boston & L. Co.*, Fed. Cas. No. 12249; *People's Bank* v. *Goodwin*, 162 Fed. 937; *Application of Shumpka*, 268 Fed. 686; *Florida* v. *Huston*, 283 Fed. 637; *Ford Motor Co.* v. *Automobile Ins. Co.*, 13 F. (2d) 415.

that class must appear by the complaint in the state court;[10] the amount in controversy must exceed $3000, except in those cases where jurisdiction is conferred regardless of amount;[11] the petition for removal must be filed in the state court before the time fixed for answer there; and it must be accompanied by a bond. On the other hand, where § 33 is applicable, the conditions for removal are much more liberal. Removal may be had of the civil suit, at any time before trial or final hearing [12] in the state court, regardless of the amount involved and without giving any bond, by filing the appropriate papers in the federal court.[13] And the facts showing that the suit is of a removable class need not appear by the complaint in the state court.

*Third.* The case here sought to be removed has none of the characteristics of those which were removable under Judicial Code § 33 before the 1916 amendment. This suit is under the law of Georgia; and was brought as of right in the state court. *Erb* v. *Morasch,* 177 U.S. 584. It does not relate to any operation of the federal government. The defendant receiver does not justify under any judgment or order of a federal court. Nor does the suit present otherwise any federal question. Its only relation to the federal law is that the receiver sued was appointed by a federal court, in the exercise of its diversity of citizenship jurisdiction. The fact that the defendant is a federal receiver does not make the cause removable " upon the ground that it was a case arising under the Constitution and laws of the United States." *Gableman* v. *Peoria, D. & E. Ry.,* 179 U.S. 335.

[10] *Walker* v. *Collins,* 167 U.S. 57; *Mayo* v. *Dockery,* 108 Fed. 897.

[11] Compare *Bock* v. *Perkins,* 139 U.S. 628; *Feibelman* v. *Packard,* 109 U.S. 421; *Lawrence* v. *Norton,* 13 Fed. 1; *Eighmy* v. *Poucher,* 83 Fed. 855.

[12] *In re Duane,* 261 Fed. 242.

[13] *Virginia* v. *Paul,* 148 U.S. 107, 115.

If the amendment of 1916 is construed as merely affording the protection of removal to officers of the court engaged in executing its judgments or orders, it is strictly *in pari materia* with the other removal provisions of § 33. If it is construed so as to authorize removal of the case at bar, it introduces a wholly different ground of jurisdiction; in effect, repeals by implication legislation which deals expressly with suits against receivers; and departs from the established trend of legislation limiting the jurisdiction of the federal trial courts.

I. Congress provided in 1887 that the fact that the defendant was a federal receiver should not preclude the maintenance of an action against him in a state court.[14] That provision had recently been embodied in § 66 of the Judicial Code which declares:

" Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; . . ."

In the thirty-nine years since its enactment there had not been, so far as appears, any attempt to repeal that law. It is in harmony with the trend of legislation providing that the federal character of the litigant should not alone confer jurisdiction upon a federal court—a policy acted upon in case of national banks as early as 1882[15] and which had been extended in 1915 to railroads having federal charters.[16]

[14] Act of March 3, 1887, c. 373, § 3, 24 Stat. 552, as corrected by Act of August 13, 1888, c. 866, § 3, 25 Stat. 433, 436.

[15] Act of July 12, 1882, c. 290, § 4, 22 Stat. 162, 163; Act of March 3, 1887, c. 373, § 4, 24 Stat. 552, 554; Act of August 13, 1888, c. 866, § 4, 25 Stat. 433, 436.

[16] Act of January 28, 1915, c. 22, § 5, 38 Stat. 803, 804. This policy has persisted since. By Act of February 13, 1925, c. 229, § 12, 43

II. Congress had by the Federal Employers' Liability Act[17] provided that suits for injuries resulting from negligence in the operation of a railroad, although arising under a federal statute, could be brought in a state court, and if so brought, could not be removed to the federal court.

III. Congress had by recent legislation manifested its adherence to the policy, inaugurated in 1887, of restricting the jurisdiction of the federal trial court. Thus, the prescribed jurisdictional amount, which, after standing for nearly a century at $500 had been raised to $2,000 in 1887,[18] and was increased to $3,000 in 1911.[19] Moreover, in 1914 the requirement of this jurisdictional amount was

---

Stat. 936, 941, federal incorporation as a ground of federal jurisdiction is abolished except where the United States holds more than one-half of the stock.

[17] Act of April 22, 1908, c. 149, § 6, 35 Stat. 65, 66, as amended by Act of April 5, 1910, c. 143, § 1, 36 Stat. 291. The policy of abridging the jurisdictions has persisted since. Actions against the Director General of Railroads under § 10 of the Federal Control Act, March 21, 1918, c. 25, 40 Stat. 451, 456, or against the Agent designated by the President pursuant to § 206a of Transportation Act, 1920, February 28, 1920, c. 91, 41 Stat. 456, 461, for injuries, whether the cause of action is based on the Federal Employers Liability Act, or a state statute or the common law, may not be removed even if there is diversity of citizenship. *Davis* v. *Slocomb*, 263 U.S. 158, 160. The lower courts have divided on whether the 1916 amendment repeals this provision by the Employers Liability Act *pro tanto*. That it has: *Elliott* v. *Wheelock*, 34 F. (2d) 213; *contra, Knapp* v. *Byram*, 21 F. (2d) 226.

Likewise, removal is prohibited of actions by seamen under § 33 of the Merchant Marine Act of June 20, 1920, c. 250, 41 Stat. 988, *Engel* v. *Davenport*, 271 U.S. 33, 38; *Herrera* v. *Pan-American Petroleum & Transport Co.*, 300 Fed. 563. And by Act of May 27, 1933, c. 38, § 22 (a), 48 Stat. 74, 86, suits brought in a state court under the Securities Act may not be removed.

[18] Compare Judiciary Act of September 24, 1789, c. 20, § 12, 1 Stat. 79; Act of March 3, 1887, c. 373, § 1, 24 Stat. 552; Act of August 13, 1888, c. 866, § 1, 25 Stat. 433.

[19] Act of March 3, 1911, c. 231, § 24 (1), 36 Stat. 1087, 1091.

applied to the removal of actions under the Interstate Commerce Act against railroads for injury to or loss of property, although theretofore federal courts had jurisdiction regardless of the amount in controversy.[20]

*Fourth.* There is no expression in the Act of 1916, or in the proceedings which led to its enactment, of an intention to repeal any existing law or to depart from the long-existing policy of restricting the federal jurisdiction. Whether there was any special occasion for the amendment does not appear. The bill was passed in each House as introduced, without amendment, without debate and without a record vote.[21] The legislation was not required in order to assure to officers of the federal courts when engaged in enforcing the laws or orders to which § 33 related the same protection which it then afforded to other persons. Marshals executing revenue laws had, for more than fifty-eight years, repeatedly availed themselves of this removal provision.[22] But an extension of the removal

---

[20] Act of January 20, 1914, c. 11, 38 Stat. 278, amending § 28 of the Judicial Code.

[21] The amendment was introduced in the House on April 6, 1916, as H.R. No. 14299. It was referred to the House Committee on the Judiciary, which in turn referred it to a subcommittee. The latter reported it favorably to the full Committee, which in turn reported it favorably to the House. (64th Cong., 1st Sess., H.Rept. No. 776.) As far as appears there were no hearings before the subcommittee or the committee. It was placed on the Calendar For Unanimous Consent and passed without debate or record vote. 53 Cong.R. 9442. In the Senate it went through substantially the same course. The calendar of the Judiciary Committee of the Senate shows no record of a hearing. It was reported out favorably without a printed report; was considered in the Senate sitting as a Committee of the Whole; was reported by it without amendment; and was passed without debate or record vote. 53 Cong.R. 12167–12168. No reference to the legislation, either as proposed or as enacted, appears in the Annual Reports of the Attorney General.

[22] See *Davis* v. *South Carolina,* 107 U.S. 597; *Georgia* v. *O'Grady,* 3 Woods 496; *Georgia* v. *Bolton,* 11 Fed. 217; *North Carolina* v. *Gosnell,* 74 Fed. 734; *Carico* v. *Wilmore,* 51 Fed. 196; *Delaware* v. *Emerson,* 8 Fed. 411.

provision might have been desired so as to make it apply to those engaged in executing any judgment or order of a federal court. For any order of the court might arouse opposition to those engaged in enforcing it and result in retaliation by means of proceedings instituted in a state court. The only method of securing in such other cases an adjudication in the federal court before trial in the state court was then by habeas corpus; and that remedy was not always adequate.[23]

The report of the Judiciary Committee of the House which recommended the adoption of the 1916 amendment establishes that such was the sole purpose of Congress. It states:[24]

" The purpose of the proposed amendment is to extend the provisions of section 33 uniformly to officers of the courts of the United States, not only in cases arising under the revenue laws, but in all cases, giving to them the same protection in all cases now given to officers acting under the revenue laws, and to officers of Congress. The omission of such a provision from the original act gives rise to certain incongruities and creates a want of uniformity in the application of the law; for example: a United States

---

[23]Among other reasons, because the relief on habeas corpus is to some extent discretionary. Since the officer if successful upon habeas corpus may be released unconditionally without a jury trial, the federal court may be unwilling to give relief unless the justification is clear upon the preliminary showing. Compare *United States* v. *Lewis,* 200 U.S. 1; *Whitten* v. *Tomlinson,* 160 U.S. 231, 240; *In re Miller,* 42 Fed. 307; *Walker* v. *Lea,* 47 Fed. 645; *In re Marsh,* 51 Fed. 277; *In re Matthews,* 122 Fed. 248.

[24] H.R. No. 776, 64th Cong., 1st Session. The rest of the report is devoted to an elaboration of these propositions. As indicating a lack of intention to extend broadly the right of removal in civil suits against an officer of the court, it states: " In a civil suit against a Federal marshal on account of acts done by him as such marshal, such suit is now removable to the federal courts though no revenue law is involved (*Bock* v. *Perkins,* 139 U.S. 628 (1891) and *Wood* v. *Drake,* 70 Fed. 881 (1895))."

marshal engaged in the execution of a warrant or other process of the United States court, in a case which involves the prosecution of a violation of the revenue laws, is entitled to the right of removal, now conferred by this statute. *Davis* v. *South Carolina*, 107 U.S. 597 (1882). The same marshal engaged in executing process of the same court in which the revenue law is not involved is not entitled to the right of removal. This creates an anomalous condition which cannot be justified upon any line of reasoning.

" The statute, with the proposed amendment, does not extend in any degree the jurisdiction or the powers of the courts of the United States. It merely provides a more orderly method of procedure, which enures as much, in fact more, to the benefit of the States than to the benefit of the United States, because it substitutes for the writ of habeas corpus the right of removal, so that instead of a summary discharge under the habeas corpus proceedings the amendment provides for trial before a court and jury."

The action of the Circuit Court of Appeals in reversing the judgment of the District Court and directing that the cause be remanded to the state court was proper. A suit for damages for an injury resulting from negligent operation of a train is not, within the meaning of Judicial Code § 33 as amended, a suit " for or on account of any act done under color of his [the receiver's] office." The receiver here sued, although an officer of the court operating the railroad pursuant to the order appointing him, is not an officer engaged in enforcing an order of a court. The operation of trains through his employees is a duty imposed upon the receiver; but he is not entrusted in his capacity as receiver with the service or execution of any process of the court. Nor is there reason to assume that he will in this case rest his defense on his duty to cause the train to be operated.

40

In *Barnette* v. *Wells Fargo Bank,* 270 U.S. 438, 441, the record does not disclose on what ground removal was sought and allowed in the District Court or the jurisdiction was sustained by the Circuit Court of Appeals. Enough appears, however, to show that the case was wholly unlike that now before us.

*Affirmed.*