HERBERT A. STEVENS, Appellee, v. B. EGGERICHS (not appealing) and FIRST NATIONAL BANK of Humboldt, Appellant.

No. 42646.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

William P. Housel, for appellant.

Coyle & Coyle and Stanley M. Nielsen, for appellee.

ANDERSON, J.—The plaintiff-appellee brought this suit in equity against the defendant B. Eggerichs, seeking to cancel a contract for the purchase of certain real estate in the town of Humboldt, Humboldt county, Iowa, on the ground that the defendant, the vendor, had breached the said contract, and plaintiff asked to recover back $2,000 which had been paid upon the contract. The First National Bank of Humboldt was also made a defendant, and judgment was asked against it by reason of its conversion and dissipation of the said $2,000 payment which plaintiff claims was deposited with said bank in escrow, and that said escrow agreement was violated.

There was a trial to the court, Hon. James De Land presiding, which resulted in a judgment and decree canceling the contract and entering judgment against the two defendants for the amount of money converted by them, less an amount allowed as a set-off on account of the rental of the real estate during its occupancy by the plaintiff. The defendant bank alone appeals.

There are three written instruments involved in the transaction. The first, which is known as Exhibit A in the record, is a contract dated in March, 1927, between the defendant B. Eggerichs and the plaintiff, H. A. Stevens, and which provides that in consideration of $2,000 Eggerichs agrees to sell and convey to Stevens certain described lots in a certain addition to the town of Humboldt, Iowa. This contract provides that possession was to be given on May 1, 1927, and the property was to be conveyed when the purchase money was paid, and an abstract showing merchantable title free from incumbrance furnished by the vendor, Eggerichs.

The second instrument, which is designated a "contract" and is known in the record as Exhibit B, was dated in September, 1927, and was between the same parties and in reference to the same subject-matter as the former contract. This latter contract recites that Stevens had purchased from Eggerichs the property in question and is in occupancy thereof; that no part of the purchase money has been paid; and that Stevens had assigned a $2,000 interest in an estate in California to the First National Bank of Humboldt,

Iowa, for the benefit of Eggerichs. The contract also contained the following provision:

"Now, therefore, it is agreed by and between the parties hereto that the deed and abstract to said premises be delivered to the First National Bank of Humboldt, Iowa, in escrow, and the order or assignment for the funds be also delivered to said First National Bank in escrow. And that the said two thousand dollars ($2,000.00) shall be paid to the First National Bank and as soon as received by it, shall apply to the payment of all liens or incumbrances against the premises that are to be paid by the said first party, and pay the balance to the first party *and deliver to the second party the abstract of title and deed.*" (Italics are ours.)

The third instrument involved is known in the record as Exhibit C and is designated "assignment and order." This instrument is directed to the executor of the estate in California in which Stevens had an interest, and assigns and sets off to the First National Bank of Humboldt, Iowa, for the benefit of B. Eggerichs, the sum of $2,000 to be paid out of said estate and directs the executor of said estate to pay said $2,000 forthwith to the First National Bank of Humboldt, Iowa; the latter part of this instrument reading as follows:

"Hereby assigning to the said First National Bank of Humboldt, Iowa, for the benefit of B. Eggerichs all the rights, title, and interest that I may have in and to moneys in the hands of said executor as executor of said estate to the extent of two thousand dollars ($2,000.00) and no more."

It appears that at the time this assignment was delivered to the bank there was also delivered to it a warranty deed executed by Eggerichs and his wife conveying the property in question to the plaintiff, Stevens, and that either the contracts between the parties were also deposited with the bank or the bank was advised as to their contents, and that the bank received the said instrument as a deposit in escrow pursuant to the terms of the contract. The $2,000 involved was on December 20, 1932, paid to and received by the First National Bank of Humboldt, Iowa, and the money was immediately disbursed by the bank for the use and benefit of the vendor, Eggerichs; a portion of it being applied to the payment of liens upon the property and the balance credited to the account

of B. Eggerichs, in the bank. The bank refused to deliver to the plaintiff, Stevens, the deed and abstract which it held in escrow until Stevens paid, in addition to the sum of $2,000, certain interest and taxes which the defendant Eggerichs claimed were due him under the contract, and the bank retained the said deed and abstract until the time of the trial of this case in the lower court. The appellee, plaintiff, claims that he is entitled to a rescission and cancellation of the contract by reason of the breach thereof, by the defendant Eggerichs, first, in not permitting the delivery of the deed to him upon the payment of the $2,000 as provided in the contract, and, second, for the reason that no abstract of title showing a merchantable title free from incumbrance was ever furnished or tendered to him by the defendant Eggerichs. The abstract of title which has been certified to us is not complete and does not show a merchantable title, and under the record, such an abstract, as was provided in the contract, never was furnished to the vendee, Stevens. When the $2,000 reached the hands of the bank, the plaintiff was entitled, under his contract, to the deed and abstract regardless of what other rights or claims the vendor, Eggerichs, might have against him. And when he instructed the bank and induced it not to deliver the deed and abstract to the plaintiff, it is very clear that he thereby breached the terms of the contract and for that reason the plaintiff had a right to rescind and recover back. The plaintiff offered in an amendment filed to his petition to pay the reasonable rental of the property involved during the time of his possession, and the trial court found that there should be a set-off against the claim of the plaintiff in the sum of $816 on this account, and that this amount should be deducted from the $2,000 and that the plaintiff was entitled to judgment for $1,184.

We are satisfied that the record shows such a breach of the contract on the part of Eggerichs as entitles the plaintiff to a cancellation and rescission, and we are also satisfied, under the record, that the appellant bank violated the escrow agreement under which it received the $2,000, and that in converting and appropriating the $2,000 without the delivery of the deed and abstract in accordance with the terms of the contract and without the consent of the appellee, Stevens, it made itself liable for the return of said money to the appellee, Stevens. The judgment was entered in the trial court for $1,184 with interest and costs against both Eggerichs and the First National Bank, but the decree further

provided that the said judgments, while separate, "are based on one original claim or demand and that satisfaction of one of them shall operate as a satisfaction of the other both in toto and pro tanto." We are satisfied that the judgment and decree of the trial court is correct, and does substantial justice.

Some question is raised by the appellant bank, because it is in the hands of a conservator, that judgment cannot be entered against it, or that execution cannot be issued on said judgment. With this feature of the case we are not now concerned. However, the case of Gay v. Ruff, 292 U. S. 25, 54 S. Ct. 608, 78 L. Ed. 1099, 92 A. L. R. 970, seems to determine adversely to the claim of appellant this proposition. The judgment and decree of the lower court is therefore affirmed.—Affirmed.

MITCHELL, C. J., and all Justices concur.