FOOD MACHINERY and CHEMICAL CORPORATION, a corporation, Plaintiff,

v.

Nabor MARQUEZ and Isabel O. Marquez, his wife, Defendants.

Civ. No. 3068.

United States District Court
D. New Mexico.

March 23, 1956.

Iden, Johnson & Mechem, Albuquerque, N. M., for plaintiff.

Robertson & Skinner, Raton, N. M., Bart W. O'Hara, Charles A. Murdock, Denver, Colo., for defendants.

ROGERS, District Judge.

The Complaint in this case seeks a Declaratory Judgment that the plaintiff Food Machinery and Chemical Corporation is, as the lessee of the Santa Fe Pacific Railway Company, entitled to prospect for, mine and remove all uranium-bearing ore which may be found upon or under the lands described therein.

To the Complaint the defendants filed a Motion for a More Definite Statement, and a Motion to Dismiss. As to the Motion to Dismiss, defendants contend that the Santa Fe Pacific Railroad Company, a corporation organized and existing under and by virtue of an Act of Congress approved March 3, 1897, 29 Stat. 622, is an indispensable party to this cause. Prior to a ruling on the Motion to Dismiss, the plaintiff Food Machinery and Chemical Corporation moved the Court to add the Santa Fe Pacific Railroad Company as an additional party plaintiff in said cause. An Order effecting said addition of the Santa Fe Pacific Railroad Company was thereupon entered.

The question now confronting the Court is whether, by the addition of the Santa Fe Pacific Railroad Company as a Party Plaintiff, said Railroad Company having been organized in the District of Columbia, diversity of citizenship still exists, or whether, on the other hand, the Court has lost jurisdiction of this cause. The original plaintiff, Food Machinery and Chemical Corporation, is a corporation organized and existing under the laws of the State of Delaware, while the defendants, Nabor Marquez and Isabel O. Marquez, his wife, are residents of the State and District of New Mexico.

Section 1332 of Title 28 U.S.C., provides as follows, subsection (b) reading as follows:

"The word 'States', as used in this section, includes the Territories and the District of Columbia"

was enacted by Act of Congress, approved June 25, 1948, Chapter 646, 62 Stat. 930. The question involved herein therefore develops into whether subsection (b), supra, affords a basis for the entry into this case of the Santa Fe Pacific Railroad Company as a citizen of the District of Columbia.

The law is so well settled that a corporation is a citizen of the State, territory or other political body wherein it is organized, as not to require citation of authority as to said proposition. It would be well, however, to set forth the Act of Congress relative to said Railway Company. The Act of Congress creating the Atlantic and Pacific Railroad Company, referred to in the Act of March 3, 1897, providing for the incorporation of the Santa Fe Pacific Railroad Company, contains, among other things the following provision:

" * * * are hereby created and erected into a body corporate and politic, in deed and in law, by the name, style, and title of the 'Atlantic and Pacific Railroad Company', and by that name shall have perpetual succession and shall be

able to sue and be sued, plead and be impleaded, defend and be defended, in all courts of law and equity within the United States, and may make and have a common seal * * * ". Act July 27, 1866, 14 Stat. 292, 293.

The Court is of the opinion that prior to amendment of Title 28 U.S.C. § 1332, supra, by the addition thereto of subsection (b), this Court, upon the addition of the Railroad Company as a plaintiff, would have lost jurisdiction of this cause. Chief Justice Marshall, in Hepburn and Dundas v. Ellzey, 2 Cranch 445, held, in effect, that a citizen of the District of Columbia does not have the standing of a citizen of one of the States of the Union, insofar as diversity of citizenship is concerned.

It goes without saying, jurisdiction in Courts of the United States fails, where all the parties on one side of a controversy have not a right by divers citizenship or alienage to sue all the parties on the other side. It should be clearly understood that the right of the Railroad Company to be a party plaintiff herein is predicated solely upon the ground of diversity of citizenship, and not upon the theories, first, that Acts of Congress are involved in the controversy, or second, upon the basis set forth in Section 1349, Title 28, U.S.C., that the party was incorporated by or under an Act of Congress with more than half of its stock owned by the United States.

■ The issue, as this Court sees it, is whether organization of the Railroad Company in the District of Columbia makes the District of Columbia a State within the diversity of citizenship rule of Section 1332, supra. Most of the defendants' authorities do not deal with Section 1332, supra, but are restricted to cases occurring prior to the enactment of subsection (b) thereof, and deal with the history of Congressional Enactments and court decisions construing the same relative to the right of a corporation organized by an Act of Congress to sue or be sued in an United States Court, solely by reason of being organized by an Act of Congress. These cases include Bank-

ers Trust Co. v. Texas & Pacific Railway, 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010; Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099 and Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. This Court is of the opinion that the right of a Congressionally incorporated corporation to invoke the jurisdiction of an United States Court was abrogated by 28 U.S.C. § 1349, except as to corporations in which the United States owned more than one-half of the capital stock. Section 1349, however, was a separate and independent basis for jurisdiction of a corporation incorporated by Act of Congress, if the United States owned more than half of its stock, and in the opinion of the Court, has no relation to the question of diversity of citizenship.

We accordingly must have recourse to Section 1332, supra, and must determine whether subsection (b) thereof, providing, in effect, that the word "states", as used in said section, includes the District of Columbia.

This subsection was declared to be constitutional in the case of National Mutual Insurance Co. of District of Columbia v. Tidewater Transfer Co., 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556. In this case, a District of Columbia corporation sued a Virginia corporation in the Federal District Court for Maryland, the jurisdiction depending solely on diversity of citizenship. The District Court dismissed the Complaint and the Court of Appeals affirmed. The Supreme Court of the United States, in an opinion by Mr. Justice Jackson reversed the lower courts, and held that the Act of April 20, 1940, 54 Stat. 143, substantially in the same form as is subsection (b) of Section 1332, supra, is constitutional. Mr. Justice Jackson, in his opinion, did not go so far as to say that the amendment to the diversity of citizenship statute created a diversity of citizenship within the terms used in Article III of the Constitution of the United States, but did hold and conclude that where Congress, in the exercise of its powers under Article I, finds it necessary to provide those on whom its power is exerted

**424**

with access to some kind of court or tribunal for determination of controversies that are within the traditional concept of the justiciable, it may open the regular Federal Courts to them, regardless of lack of diversity of citizenship, and that the enactment of a statute substantially in the form of subdivision (b), supra, is a proper exercise of Congress' powers under Article I. All contrary opinion and legal theory, whether encompassed by the concurring opinions of Mr. Justice Rutledge and Mr. Justice Frankfurter, or in the dissenting opinions of Mr. Chief Justice Vinson and Mr. Justice Douglas, are set at rest by Mr. Justice Jackson's majority opinion holding that Section 1332 of Title 28, U.S.C. is constitutional. The plaintiff in the National Insurance Company case was a corporation organized under the laws of the District of Columbia. The laws of the District of Columbia are enacted by Congress, pursuant to Article I of the Constitution of the United States.

▮ The Santa Fe Pacific Railroad Company is likewise a company organized by and under the laws of the Congress of the United States. This Court cannot see why the fact that it was organized as a Railroad Company would distinguish it from any other corporation organized by a law of Congress. Its functions, objects and powers are not, in my opinion, more co-extensive, geographically or on a national basis, than are the purposes, objects and functions of the American National Red Cross, created by the Act appearing in Title 36 U.S.C.A. § 1 et seq. The case of Patterson v. American National Red Cross, D.C., 101 F.Supp. 655, held, in effect, that the American National Red Cross was a citizen of the District of Columbia, and accordingly, that diversity of citizenship was present within the meaning of the Section 1332, supra. It accordingly holds that a corporation intended to operate in all the states, as a citizen of the District of Columbia. It is true enough that Title 36 U.S.C.A. supra, specifies that the American National Red Cross shall have the power to sue or be sued in either state or Federal Courts, but 14 Stat.

292, creating the Santa Fe Pacific Railroad Company provides that the Railroad Company may sue and be sued in all courts of law and equity within the United States.

This law, in my opinion, is, in meaning, at least, the same as the Act of Congress incorporating the American National Red Cross.

▮ Section 1332, Title 28 U.S.C., providing, as it does, that District Courts of the United States shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000, and is between citizens of different states and further providing that the word "states" includes the District of Columbia, and said latter provision having been held to be constitutional by the Supreme Court of the United States in National Mut. Insurance Co. of District of Columbia v. Tidewater Transfer Co., 337 U.S. 582, 69 S. Ct. 1173, 93 L.Ed. 1556, this Court comes to the ultimate conclusion that Santa Fe Pacific Railroad Company is a proper additional Party Plaintiff herein, and that this Court has not lost jurisdiction of this cause by reason of the Order adding Santa Fe Pacific Railroad Company as a Party Plaintiff herein.